William R. Brown, Esq.   (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Trans Union, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY (TRENTON)

---

ANDREW RITZ and MICHAEL RITZ,       CASE NO.:  3:20-cv-13509-FLW-DEA
       Plaintiffs,

   vs.

NISSAN-INFINITI LT; TRANS UNION, LLC;
EQUIFAX INFORMATION SERVICES, LLC;
and EXPERIAN INFORMATION SOLUTIONS, INC.;
       Defendants.

---

## TRANS UNION, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT
## AND AFFIRMATIVE DEFENSES

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiffs' Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiffs' allegations are set forth verbatim with Trans Union's responses immediately following.

## **PARTIES**

1.    Plaintiff Andrew Ritz **("Andrew"),** resides in Freehold, New Jersey, which is within the district and division of this Court. Plaintiff is a consumer as defined by Section 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the **"FCRA").**[1]

---

[1] Unless otherwise specified all **"Section"** references are to the FCRA.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

2.     Plaintiff Michael Ritz **("Michael"),** resides in Freehold, New Jersey, which is within the district and division of this Court. Plaintiff is a consumer as defined by Section 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the **"FCRA")**.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3.     Nissan-Infiniti LT **("NILT"),** the assignee of a certain "Motor Vehicle Lease Agreement" between DCH Freehold Nissan (the **"Dealer")**, is a "furnisher" of credit information as that term is defined by the FCRA.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.     Trans Union, LLC **("Trans Union")** is a consumer reporting agency as that term is defined by the FCRA.

**ANSWER:**     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.     Equifax Information Services, LLC **("Equifax")** is a consumer reporting agency as that term is defined by the FCRA.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      Experian Information Solutions, Inc. **("Experian")** is a consumer reporting agency as that term is defined by the FCRA.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION

7.      This lawsuit is brought pursuant to the FCRA and presents a federal question. Therefore, jurisdiction arises under 28 U.S.C § 1331 and 15 U.S.C § 1681, *et seq.*

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8.      Venue is proper within this district and division pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b).

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

### Processing of Credit Information

9.      The national consumer reporting agencies (Trans Union, Equifax and Experian) (collectively, the "CRAs") regularly receive information from various sources around the country including banks, credit unions, automobile dealers, student loan providers, public information vendors, and others.  These sources are known as **"furnishers"** within the credit reporting industry and under the FCRA.

**ANSWER:**    As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

10.    Select Portfolio is a furnisher of credit information about Plaintiff to each of the CRAs.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

11.    The process by which CRAs receive, sort, and store information is largely electronic.

**ANSWER:**    As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12.    Furnishers report credit information to the CRAs electronically on a periodic basis using an electronic format known as Metro 2.

**ANSWER:**    As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient

to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13.    The CRAs take the credit information reported by these furnishers and create or associate consumer credit files.

**ANSWER:**    As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14.    Credit files are updated electronically by furnishers to reflect new information regarding the reported accounts (often referred to as **"tradelines"** within the industry).

**ANSWER:**    As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15.    When a furnisher wants to make a change to its reporting between reporting periods, a furnisher makes that change electronically using an electronic document known as an AUD or UDF (in some cases).

**ANSWER:**   As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

### Reinvestigation Procedures

16.    When the CRAs receive a dispute from a consumer, the agencies investigate the dispute using an automated browser-based system called the Online Solution for Complete and Accurate Reporting **("e-OSCAR").**  This system was designed to provide furnishers with an online solution for processing consumer disputes.

**ANSWER:**   As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.    Through e-OSCAR, the CRAs send to the furnisher an Automated Credit Dispute Verification **("ACDV")** that is supposed to include: the information the agency is currently reporting about the consumer and the credit information being disputed along with all relevant information about the consumer's dispute, which the agency received from the consumer.

**ANSWER:**   As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient

to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18.     Through this ACDV, the agency asks the furnisher to investigate the information in question and determine whether the information that it is reporting to the agency is correct, complete, and verifiable.

**ANSWER:**     As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19.     Through the ACDV, the furnisher is asked to verify that the indicative information (i.e. information such as name, current address, prior address, social security number, date of birth and phone number) the CRA has on the consumer matches the indicative information maintained in the furnisher's records; to verify that it is associated with the particular account being disputed; and to verify the accuracy of the tradeline information.

**ANSWER:**     As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20.      The furnisher is then supposed to return the ACDV to the CRA with the updated information (if any) relating to the consumer's credit history.  In responding to an ACDV, a furnisher informs the agency that: (a) either the disputed information is "Verified"; (b) that the disputed information should be "Changed"; (c) or that the disputed item of information should be "Deleted".  To do this the furnisher is asked to do nothing more than check a box.

**ANSWER:**      As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21.      If a furnisher chooses to verify the information, it will check a box called "Verified As Reported."  Once checked, this will instruct the consumer reporting agency that all information about the disputed item of information is, in fact, accurate and that no changes should be made.

**ANSWER:**      As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

22.     If a furnisher chooses to change information, it will check a box called "Change Data As Shown" and then will input changes into the various fields of information that need to be changed.

**ANSWER:**     As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23.     Whenever a furnisher directs an agency to change information on a consumer's credit file, that furnisher affirms to the CRA that it has made the same changes in its own systems. This affirmation is made by the furnisher on the form used to process the dispute.

**ANSWER:**     As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

**The Auto Loan Account**

24.     NILT furnishes consumer account information to the CRAs.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

25.     At all times relevant, NJJLT furnished a certain joint installment loan for an auto lease between NILT and Plaintiff (the **"the account"**) associated with the personal identifying information (i.e. information such as name, current address, prior address, social security number, date of birth and phone number) (the **"indicative information"**) of Plaintiff.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

26.     At all times relevant, NILT furnished the account to the CRAs with a negative payment history profile, account status, and payment rating.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

27.     Plaintiffs have never paid the account late.   Accordingly, any derogatory payment history, status or rating furnished by NILT regarding the account was/is inaccurate.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

**Plaintiffs' Disputes**

28.     NILT furnished and continues to furnish the account inaccurately to the CRAs.

**<u>ANSWER</u>:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

29.     Plaintiffs have disputed the accuracy of the NILT account with each of the CRAs on numerous occasions.

**<u>ANSWER</u>:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

30.     Each of the CRAs received Plaintiffs' disputes and forwarded those disputes to NILT.

**<u>ANSWER</u>:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

31.     During this time, Plaintiffs' credit scores suffered greatly.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

32.     Plaintiffs have suffered adverse action (including, credit denial, delay in obtaining credit, and/or other such action) due to the inaccurately reported NILT account, based on consumer reports issued by Experian and Trans Union.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

33.     These adverse actions and others caused Plaintiffs considerable emotional distress, including frustration, embarrassment, and humiliation.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

34.     Upon information and belief, the consumer reporting agencies processed Plaintiffs' disputes by sending ACDVs to NILT.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

35.   Upon information and belief, NILT responded to those ACDVs by improperly verifying the inaccurately reported account information.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

36.   Other than sending ACDVs to NILT, the CRAs did nothing to investigate the accuracy of the account.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

37.   Plaintiffs spent many hours of time disputing the inaccurate reporting with NILT and the CRAs.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which

has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

38.     Plaintiffs worked very hard and deliberately for years to maintain their excellent credit history.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.     The failures of the CRAs and NILT to correct this inaccurate reporting has caused Plaintiffs a great amount of anxiety and has impaired their ability to obtain credit or to obtain credit on favorable terms.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

## CLAIMS FOR RELIEF

### FCRA Violations by Nissan-Infiniti-LT

40.     This is a claim for violations of the federal Fair Credit Reporting Act.

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

41.     NILT furnished credit information about Plaintiffs to the CRAs.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

42.     NILT is subject to the requirements of the FCRA, including those duties set out in 15 U.S.C. § 1681s-2(b).

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

43.     At all relevant times, NILT provided inaccurate, misleading, and/or incomplete credit information to the CRAs about Plaintiffs.   This inaccurate, misleading, and/or incomplete credit information was reported by the CRAs to Plaintiffs' potential lenders and others in a position of evaluating Plaintiffs' creditworthiness, credit standing, credit capacity, character, and general reputation.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

44.     Plaintiffs have notified the CRAs of their disputes of the information being reported by NILT. Upon information and belief, the CRAs forwarded to NILT a form of Plaintiffs' disputes and requests for reinvestigation.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

45.     Information was available to NILT that should have, upon a reasonable investigation, informed NILT that its reporting of the account was inaccurate, misleading, and/or incomplete.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

46.     NILT knew, should have known, or acted recklessly in not knowing that it was reporting Plaintiffs' account inaccurately.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47.     There is no reasonable interpretation of credit reporting law that could justify NILT's reporting of the account.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

48.     Despite its knowledge that the information being reported to Plaintiffs' credit files was inaccurate, misleading, and/or incomplete, NILT repeatedly reported the information and repeatedly verified the information as accurate, knowing that by doing so Plaintiffs' creditworthiness would be damaged.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.    NILT has taken actions which violate the FCRA, specifically 15 U.S.C. § 1681s-2(b).   These actions include, but are not limited to, the following: (a) reporting inaccurate, misleading, and/or incomplete information to the CRAs regarding the mortgage account; (b) failing to fully, properly, or reasonably investigate Plaintiffs' requests for reinvestigation; (c) failing to review all relevant information regarding Plaintiffs' requests for reinvestigation and/or disregarding that information after review; (d) after receiving notice of Plaintiffs' requests for reinvestigation, continuing to submit inaccurate, misleading, and/or incomplete information to the CRAs regarding the mortgage account; (e) failing to modify, delete, or permanently block the reporting of credit information regarding Plaintiffs, which Select Portfolio knows to be inaccurate, misleading, and/or incomplete; and (f) failing to accurately respond to Plaintiffs' requests for reinvestigation made through the CRAs after receipt of their disputes.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50.    NILT knows that the information it provided to the CRAs was false, inaccurate, misleading, and/or incomplete.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.     As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, damage to credit reputation, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52.     The acts and/or omissions of NILT made in violation of the FCRA were willful, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. § 1681n.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53.     The acts and/or omissions of NILT made in violation of the FCRA were negligently made, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. § 1681o.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**FCRA Violations by Trans Union**

54.     Plaintiffs disputed the NILT tradeline with Trans Union and requested that Trans Union conduct a reinvestigation pursuant to Section 1681i.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

55.    Plaintiffs' requests for reinvestigation included sufficient information for Trans Union to provide actual notice that the information in dispute was inaccurate and that the sources of the disputed information were not reliable.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

56.    But Trans Union did not conduct any reinvestigations.

**ANSWER:**    Trans Union denies the allegations contained in this paragraph.

57.    Instead, in response to Plaintiffs' disputes, Trans Union simply parroted the inaccurate reporting it received from NILT and conducted no investigation of its own.

**ANSWER:**    Trans Union denies the allegations contained in this paragraph.

58.    In response to Plaintiffs' disputes, Trans Union performed no investigation at all and did not even initiate its normal reinvestigation processing procedures.

**ANSWER:**    Trans Union denies the allegations contained in this paragraph.

59.    If Trans Union did conduct the reinvestigations requested by Plaintiffs, Trans Union failed to perform reasonable investigations.

**ANSWER:**    Trans Union denies the allegations contained in this paragraph.

60.    Trans Union knows that the FCRA does not permit it to simply parrot the information it receives from furnishers; yet this is exactly what Trans Union does both when it initially reports information and when it *investigates* consumer disputes.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

61.     Even prior to Plaintiffs' requests for reinvestigation, Trans Union maintained sufficient information about the NILT account for Trans Union to conclude that the account was being inaccurately reported and/or that NILT's reporting of the account was not reliable.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

62.     Trans Union failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' consumer reports in violation of Section 1681e(b).

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

63.     As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

64.     Trans Union negligently violated Section 1681e; alternatively, Trans Union willfully violated Section 1681e.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

65.     Trans Union negligently violated Section 1681i; alternatively Trans Union willfully violated Section 1681i.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

66.     Plaintiffs suffered damages as a result of these violations for which Plaintiffs are entitled to recover under Section 1681o or, alternatively, Section 1681n.

**ANSWER:**    Trans Union denies the allegations contained in this paragraph.

**FCRA Violations** by **Equifax**

67.    Plaintiffs disputed the NILT tradeline with Equifax and requested that Equifax conduct a reinvestigation pursuant to Section 1681i.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

68.    Plaintiffs' requests for reinvestigation included sufficient information for Equifax to provide actual notice that the information in dispute was inaccurate and that the sources of the disputed information were not reliable.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

69.    But Equifax did not conduct any reinvestigations.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

70.    Instead, in response to Plaintiffs' disputes, Equifax simply parroted the inaccurate reporting it received from NILT and conducted no investigation of its own.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

71.    In response to Plaintiffs' disputes, Equifax performed no investigation at all and did not even initiate its normal reinvestigation processing procedures.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

72.   If Equifax did conduct the reinvestigations requested by Plaintiffs, Equifax failed to perform reasonable investigations.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

73.   Equifax knows that the FCRA does not permit it to simply parrot the information it receives from furnishers; yet this is exactly what Equifax does both when it initially reports information and when it *investigates* consumer disputes.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

74.   Even prior to Plaintiffs' requests for reinvestigation, Equifax maintained sufficient information about the NILT account for Equifax to conclude that the account was being inaccurately reported and/or that NILT's reporting of the account was not reliable.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

75.   Equifax failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' consumer reports in violation of Section 1681e(b).

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

76.   As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77.   Equifax negligently violated Section 1681e; alternatively, Equifax willfully violated Section 1681e.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

78.   Equifax negligently violated Section 1681i; alternatively, Equifax willfully violated Section 1681i.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

79.   Plaintiffs suffered damages as a result of these violations for which Plaintiffs are entitled to recover under Section 1681o or, alternatively, Section 1681n.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### FCRA Violations by Experian

80.     Plaintiffs disputed the NILT tradeline with Experian and requested that Experian conduct a reinvestigation pursuant to Section 1681i.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

81.     Plaintiffs' requests for reinvestigation included sufficient information for Experian to provide actual notice that the information in dispute was inaccurate and that the sources of the disputed information were not reliable.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

82.     But Experian did not conduct any reinvestigations.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

83.     Instead, in response to Plaintiffs' disputes, Experian simply parroted the inaccurate reporting it received from NILT and conducted no investigation of its own.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

84.    In response to Plaintiffs' disputes, Experian performed no investigation at all and did not even initiate its normal reinvestigation processing procedures.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

85.    If Experian did conduct the reinvestigations requested by Plaintiffs, Experian failed to perform reasonable investigations.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

86.    Experian knows that the FCRA does not permit it to simply parrot the information it receives from furnishers; yet this is exactly what Experian does both when it initially reports information and when it *investigates* consumer disputes.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

87.    Even prior to Plaintiffs' requests for reinvestigation, Experian maintained sufficient information about the NILT account for Experian to conclude that the account was being inaccurately reported and/or that NILT's reporting of the account was not reliable.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

88.     Experian failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' consumer reports in violation of Section 1681e(b).

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

89.     As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

90.     Experian negligently violated Section 1681e; alternatively, Experian willfully violated Section 1681e.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

91.     Experian negligently violated Section 1681i; alternatively, Experian willfully violated Section 1681i.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

92.     Plaintiffs suffered damages as a result of these violations for which Plaintiffs are entitled to recover under Section 1681o or, alternatively, Section 1681n.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURY DEMAND

93.     Plaintiffs demand a trial by jury.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## REQUEST FOR RELIEF

Plaintiffs respectfully requests that this Court enter judgments against NILT; Trans Union; Equifax; and Experian for negligent and/or willful violations of the FCRA and award Plaintiffs' actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, embarrassment, and damage to credit reputation; statutory damages; punitive damages; and costs and attorney's fees.  Plaintiffs further request such other relief as the Court deems just and proper.

**ANSWER:**     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.     Trans Union's reports concerning Plaintiffs were true or substantially true.

2.     Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiffs.

3.     At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

4.     Plaintiffs' claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

5.     Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

6.     Plaintiffs' damages are the result of acts or omissions committed by Plaintiffs.

7.     Plaintiffs' damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

8.     Plaintiffs' damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

9.     Any claim for exemplary or punitive damages asserted by Plaintiffs violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiffs are entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiffs on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:  October 23, 2020                          Respectfully submitted,


                                                 *s/William R. Brown*
                                                 William R. Brown, Esq.   (WB5139)
                                                 Schuckit & Associates, P.C.
                                                 4545 Northwestern Drive
                                                 Zionsville, IN  46077
                                                 Telephone:  (317) 363-2400
                                                 Fax:  (317) 363-2257
                                                 E-Mail:  wbrown@schuckitlaw.com

                                                 *Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **23rd day of October, 2020**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Jacob M. Polakoff, Esq. | Dorothy A. Kowal, Esq. |
|---|---|
| jpolakoff@bm.net | dkowal@pricemeese.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **23rd day of October, 2020**, properly addressed as follows:

| None. | |
|---|---|

*/s/ William R. Brown*
William R. Brown, Esq.   (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*