**LINDABURY, McCORMICK, ESTABROOK & COOPER, P.C.**
ATTORNEYS AT LAW
THOMAS J. SATEARY, ESQ.
ATTORNEY ID NO. 017922012
53 CARDINAL DRIVE
P.O. BOX 2369
WESTFIELD, NEW JERSEY 07091-2369
(908) 233-6800
ATTORNEYS FOR Defendant Nissan Motor Acceptance Corporation

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ANDREW RITZ AND MICHAEL RITZ,

                                    Plaintiffs,

v.                                                          Case No.  3:20-cv-13509

NISSAN-INFINITI LT, TRANS UNION, LLC,
EQUIFAX INFORMATION SERVICES AND
EXPERIAN INFORMATION SOLUTIONS,
INC.,

                                    Defendants.

## ANSWER ON BEHALF OF DEFENDANT
## NISSAN MOTOR ACCEPTANCE CORPORATION

Defendant, Nissan Motor Acceptance Corporation, (hereinafter as "NMAC")

(improperly pleaded as Nissan-Infiniti LT) by way of Answer to the Complaint, says:

### INTRODUCTION

1.      The allegations set forth in Paragraph 1 of the Complaint are legal rather

than factual in nature and require no response by NMAC.

2.      The allegations set forth in Paragraph 2 of the Complaint are legal rather

than factual in nature and require no response by NMAC.

3.      The allegations set forth in Paragraph 3 of the Complaint are legal rather than factual in nature and require no response by NMAC.

4.      The allegations set forth in Paragraph 4 of the Complaint are legal rather than factual in nature and require no response by NMAC.

5.      The allegations set forth in Paragraph 5 of the Complaint are legal rather than factual in nature and require no response by NMAC.

6.      The allegations set forth in Paragraph 6 of the Complaint are legal rather than factual in nature and require no response by NMAC.

## JURISDICTION

7.      The allegations set forth in Paragraph 7 of the Complaint are legal rather than factual in nature and require no response by NMAC.

8.      The allegations set forth in Paragraph 8 of the Complaint are legal rather than factual in nature and require no response by NMAC.

## FACTUAL ALLEGATIONS

### Processing of Credit Information

9.      NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

2

13.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

Reinvestigation Procedures

16.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

3

The Auto Loan Account

24.     NMAC admits the allegations set forth in Paragraph 24 of the Complaint.

25.     NMAC admits the allegations set forth in Paragraph 25 of the Complaint.

26.     NMAC denies the allegations set forth in Paragraph 26 of the Complaint.

27.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

Plaintiff's Disputes

28.     NMAC denies the allegations set forth in Paragraph 28 of the Complaint.

29.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.     NMAC denies the allegations set forth in Paragraph 30 of the Complaint.

31.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.     NMAC denies the allegations set forth in Paragraph 32 of the Complaint.

33.     NMAC denies the allegations set forth in Paragraph 33 of the Complaint.

34.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.     NMAC denies the allegations set forth in Paragraph 35 of the Complaint.

36.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39.     NMAC denies the allegations set forth in Paragraph 39 of the Compliant.

CLAIMS FOR RELIEF

FCRA Violations by Nissan-Infiniti LT

40.     NMAC admits the allegations set forth in Paragraph 40 of the Complaint.

41.     NMAC admits the allegations set forth in Paragraph 41 of the Complaint.

42.     The allegations set forth in Paragraph 42 of the Complaint are legal rather than factual in nature and require no response by NMAC.  The extent the allegations are deemed factual in nature, NMAC denies the allegations.

43.     NMAC denies the allegations set forth in Paragraph 43 of the Complaint.

44.      NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45.     NMAC denies the allegations set forth in Paragraph 45 of the Complaint.

46.     NMAC denies the allegations set forth in Paragraph 46 of the Complaint.

47.     NMAC denies the allegations set forth in Paragraph 47 of the Complaint.

48.     NMAC denies the allegations set forth in Paragraph 48 of the Complaint.

49.     The allegations set forth in Paragraph 49 of the Complaint are legal rather than factual in nature and require no response by NMAC.  The extent the allegations are deemed factual in nature, NMAC denies the allegations.

50.     NMAC denies the allegations set forth in Paragraph 50 of the Complaint.

51.     NMAC denies the allegations set forth in Paragraph 51 of the Complaint.

5

52.     The allegations set forth in Paragraph 52 of the Complaint are legal rather than factual in nature and require no response by NMAC.  The extent the allegations are deemed factual in nature, NMAC denies the allegations.

53.     The allegations set forth in Paragraph 53 of the Complaint are legal rather than factual in nature and require no response by NMAC.  The extent the allegations are deemed factual in nature, NMAC denies the allegations.

FCRA Violations by Trans Union

54.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint.

55.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint.

56.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint.

57.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint.

58.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.

60.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint.

61.     NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint.

62.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.

63.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint.

64.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint.

65.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint.

66.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint.

FCRA Violations by Equifax

67.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint.

68.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint.

69.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint.

70.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint.

71.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint.

7

72.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint.

73.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

74.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint.

75.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint.

76.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint.

77.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint.

78.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint.

79.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint.

FCRA Violations by Experian

80.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint.

81.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

82.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint.

8

83.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint.

84.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint.

85.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint.

86.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint.

87.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint.

88.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint.

89.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint.

90.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint.

91.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint.

92.    NMAC is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS

The Complaint fails to state a claim upon which relief can be granted as against defendant NMAC.

9

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS**

At all relevant times, NMAC complied without all applicable laws, regulations and standards.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS**

Any losses suffered by plaintiffs were caused by conditions over which NMAC had no control.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS**

The conduct complained of in the complaint and alleged resulting damages were the result of superseding and intervening acts or omissions by third persons over whom NMAC had no control.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS**

Pursuant to 15 U.S.C. §1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS**

NMAC has established and implemented, without due care, practices and procedures by which it can conduct a reasonable investigation of any dispute submitted by the plaintiff.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES AS FOLLOWS**

The conditions complained of by the plaintiffs resulted from the plaintiffs'

3208825v1

contributory and/or comparative negligence, thereby barring them from recovery or reducing their recovery as provided for by statute.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS

The plaintiffs' recovery is barred by the doctrines of unclean hands, laches and estoppel.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS

The plaintiffs' recovery is barred from recovery by the applicable the statute of limitations.

**WHEREFORE**, defendant, Nissan Motor Acceptance Corporation, demands judgment in its favor and against the plaintiffs, together with costs of suit, attorneys' fees, and such other and further relief as this Court may deem appropriate.

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.

Dated:   October 23, 2020            By:   /s/ Thomas J. Sateary
       Westfield, NJ 07090            Thomas J. Sateary
                                   Attorneys for Defendant
                                   Nissan Motor Acceptance Corporation
                                   53 Cardinal Drive
                                   Westfield, NJ 07090
                                   (908) 233-6800
                                   tsateary@lindabury.com

To: Jacob M. Polakoff, Esq.
    BERGER MONTAGUE PC
    1818 Market Street, Suite 3600
    Philadelphia, PA 19103
    (215) 875-3000
    (215) 875-4604 (fax)
    Attorney for Plaintiffs
    jpolakoff@bm.net

11

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.

By:  /s/ Thomas J. Sateary
Thomas J. Sateary, Esq.
Attorneys for Defendant
Nissan Motor Acceptance Corporation
53 Cardinal Drive
Westfield, NJ  07090
(908) 233-6800
tsateary@lindabury.com

3208825v1