Alnisa Bell
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500

James R. Billings-Kang
SEYFARTH SHAW LLP
975 F Street, NW
Washington, DC  20004
(202) 828-5356
*Admitted pro hac vice*

Attorneys for Defendant
EQUIFAX INFORMATION SERVICES LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| ANDREW RITZ and MICHAEL RITZ, <br><br> Plaintiffs, <br><br> v. <br><br> NISSAN-INFINITI LT; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendants. | Case No.: 3:20-cv-13509-FLW-DEA <br><br> **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiffs' Complaint and Jury Demand and asserts its affirmative and other defenses as follows:

67074529v.1

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## PARTIES

**COMPLAINT ¶1:**

Plaintiff Andrew Ritz ("**Andrew**"), resides in Freehold, New Jersey, which is within the district and division of this Court.  Plaintiff is a consumer as defined by Section 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "**FCRA**").[1]

**ANSWER:**

Equifax admits that Andrew Ritz is an individual but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1.

**COMPLAINT ¶2:**

Plaintiff Michael Ritz ("**Michael**"), resides in Freehold, New Jersey, which is within the district and division of this Court.  Plaintiff is a consumer as defined by Section 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "**FCRA**").

**ANSWER:**

Equifax admits that Michael Ritz is an individual but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2.

**COMPLAINT ¶3:**

Nissan-Infiniti LT ("**NILT**"), the assignee of a certain "Motor Vehicle Lease Agreement" between DCH Freehold Nissan (the "**Dealer**"), is a "furnisher" of credit information as that term is defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3.

---

[1] Unless otherwise specified all "Section" references are to the FCRA.

**COMPLAINT ¶4:**

Trans Union, LLC ("**Trans Union**") is a consumer reporting agency as that term is defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4.

**COMPLAINT ¶5:**

Equifax Information Services, LLC ("**Equifax**") is a consumer reporting agency as that term is defined by the FCRA.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.

**COMPLAINT ¶6:**

Experian Information Solutions, Inc. ("**Experian**") is a consumer reporting agency as that term is defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6.

**JURISDICTION**

**COMPLAINT ¶7:**

This lawsuit is brought pursuant to the FCRA and presents a federal question.  Therefore, jurisdiction arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681, *et seq.*

**ANSWER:**

Admitted.

**COMPLAINT ¶8:**

Venue is proper within this district and division pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b).

- 3 -

**ANSWER:**

Denied.

## FACTUAL ALLEGATIONS

### Processing of Credit Information

**COMPLAINT ¶9:**

The national consumer reporting agencies (Trans Union, Equifax and Experian) (collectively, the "CRAs") regularly receive information from various sources around the country including banks, credit unions, automobile dealers, student loan providers, public information vendors, and others.  These sources are known as "**furnishers**" within the credit reporting industry and under the FCRA.

**ANSWER:**

Equifax admits that it receives information from furnishers but lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 9.

**COMPLAINT ¶10:**

Select Portfolio is a furnisher of credit information about Plaintiff to each of the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10.

**COMPLAINT ¶11:**

The process by which CRAs receive, sort, and store information is largely electronic.

**ANSWER:**

Equifax admits that it utilizes electronic technology but lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 11.

**COMPLAINT ¶12:**

Furnishers report credit information to the CRAs electronically on a periodic basis using an electronic format known as Metro 2.

**ANSWER:**

Equifax admits that it receives reporting from furnishers via Metro 2 but Equifax lacks

knowledge or information sufficient to form a belief as to the remaining allegations set forth in

Paragraph 12.

**COMPLAINT ¶13:**

The CRAs take the credit information reported by these furnishers and create or associate
consumer credit files.

**ANSWER:**

Equifax admits that it updates consumer files upon the reporting by furnishers but lacks

knowledge or information sufficient to form a belief as to the remaining allegations set forth in

Paragraph 13.

**COMPLAINT ¶14:**

Credit files are updated electronically by furnishers to reflect new information regarding
the reported accounts (often referred to as "**tradelines**" within the industry).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 14.

**COMPLAINT ¶15:**

When a furnisher wants to make a change to its reporting between reporting periods, a
furnisher makes that change electronically using an electronic document known as an AUD or
UDF (in some cases).

**ANSWER:**

Equifax admits that it may receive information from furnishers via an AUD but Equifax

lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth

in Paragraph 15.

67074529v.1

**Reinvestigation Procedures**

**COMPLAINT ¶16:**

When the CRAs receive a dispute from a consumer, the agencies investigate the dispute using an automated browser-based system called the Online Solution for Complete and Accurate Reporting ("**e-OSCAR**"). This system was designed to provide furnishers with an online solution for processing consumer disputes.

**ANSWER:**

Equifax admits that it utilizes e-OSCAR but lacks knowledge or information sufficient to

form a belief as to the allegations set forth in Paragraph 16.

**COMPLAINT ¶17:**

Through e-OSCAR, the CRAs send to the furnisher an Automated Credit Dispute Verification ("**ACDV**") that is supposed to include: the information the agency is currently reporting about the consumer and the credit information being disputed along with all relevant information about the consumer's dispute, which the agency received from the consumer.

**ANSWER:**

Equifax admits that it creates ACDV upon receiving a dispute that it sends to a

corresponding furnisher but lacks knowledge or information sufficient to form a belief as to the

remaining allegations set forth in Paragraph 17.

**COMPLAINT ¶18:**

Through this ACDV, the agency asks the furnisher to investigate the information in question and determine whether the information that it is reporting to the agency is correct, complete, and verifiable.

**ANSWER:**

Equifax admits to the extent Plaintiffs do not misstate, misquote, mischaracterize, or take

out of context the language of the ACDV. Otherwise, Equifax denies.

**COMPLAINT ¶19:**

Through the ACDV, the furnisher is asked to verify that the indicative information (i.e. information such as name, current address, prior address, social security number, date of birth and phone number) the CRA has on the consumer matches the indicative information maintained

in the furnisher's records; to verify that it is associated with the particular account being disputed; and to verify the accuracy of the tradeline information.

**ANSWER:**

Equifax admits to the extent Plaintiffs do not misstate, misquote, mischaracterize, or take out of context the language of the ACDV.  Otherwise, Equifax denies.

**COMPLAINT ¶20:**

The furnisher is then supposed to return the ACDV to the CRA with the updated information (if any) relating to the consumer's credit history.  In responding to an ACDV, a furnisher informs the agency that: (a) either the disputed information is "Verified"; (b) that the disputed information should be "Changed"; (c) or that the disputed item of information should be "Deleted".  To do this the furnisher is asked to do nothing more than check a box.

**ANSWER:**

Equifax admits to the extent Plaintiffs do not misstate, misquote, mischaracterize, or take out of context the language of the ACDV.  Otherwise, Equifax denies.

**COMPLAINT ¶21:**

If a furnisher chooses to verify the information, it will check a box called "Verified As Reported." Once checked, this will instruct the consumer reporting agency that all information about the disputed item of information is, in fact, accurate and that no changes should be made.

**ANSWER:**

Equifax admits to the extent Plaintiffs do not misstate, misquote, mischaracterize, or take out of context the language of the ACDV.  Otherwise, Equifax denies.

**COMPLAINT ¶22:**

If a furnisher chooses to change information, it will check a box called "Change Data As Shown" and then will input changes into the various fields of information that need to be changed.

**ANSWER:**

Equifax admits to the extent Plaintiffs do not misstate, misquote, mischaracterize, or take out of context the language of the ACDV.  Otherwise, Equifax denies.

**COMPLAINT ¶23:**

Whenever a furnisher directs an agency to change information on a consumer's credit file, that furnisher affirms to the CRA that it has made the same changes in its own systems. This affirmation is made by the furnisher on the form used to process the dispute.

**ANSWER:**

Equifax admits to the extent Plaintiffs do not misstate, misquote, mischaracterize, or take out of context the language of the form at issue.  Otherwise, Equifax denies.

### The Auto Loan Account

**COMPLAINT ¶24:**

NILT furnishes consumer account information to the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24.

**COMPLAINT ¶25:**

At all times relevant, NILT furnished a certain joint installment loan for an auto lease between NILT and Plaintiff (the "**the account**") associated with the personal identifying information (i.e. information such as name, current address, prior address, social security number, date of birth and phone number) (the "**indicative information**") of Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 25.

**COMPLAINT ¶26:**

At all times relevant, NILT furnished the account to the CRAs with a negative payment history profile, account status, and payment rating.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26.

- 8 -

**COMPLAINT ¶27:**

Plaintiffs have never paid the account late.  Accordingly, any derogatory payment history, status or rating furnished by NILT regarding the account was/is inaccurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27.

**Plaintiffs' Disputes**

**COMPLAINT ¶28:**

NILT furnished and continues to furnish the account inaccurately to the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28.

**COMPLAINT ¶29:**

Plaintiffs have disputed the accuracy of the NILT account with each of the CRAs on numerous occasions.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29.

**COMPLAINT ¶30:**

Each of the CRAs received Plaintiffs' disputes and forwarded those disputes to NILT.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30.

**COMPLAINT ¶31:**

During this time, Plaintiffs' credit scores suffered greatly.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31.

**COMPLAINT ¶32:**

Plaintiffs have suffered adverse action (including, credit denial, delay in obtaining credit, and/or other such action) due to the inaccurately reported NILT account, based on consumer reports issued by Experian and Trans Union.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32.

**COMPLAINT ¶33:**

These adverse actions and others caused Plaintiffs considerable emotional distress, including frustration, embarrassment, and humiliation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33.

**COMPLAINT ¶34:**

Upon information and belief, the consumer reporting agencies processed Plaintiffs' disputes by sending ACDVs to NILT.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34.

**COMPLAINT ¶35:**

Upon information and belief, NILT responded to those ACDVs by improperly verifying the inaccurately reported account information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35.

**COMPLAINT ¶36:**

Other than sending ACDVs to NILT, the CRAs did nothing to investigate the accuracy of the account.

**ANSWER:**

Equifax denies the allegations in Paragraph 36 that are directed at Equifax. Equifax further denies that it violated the FCRA and denies that Plaintiffs are entitled to any relief whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

Plaintiffs spent many hours of time disputing the inaccurate reporting with NILT and the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37.

**COMPLAINT ¶38:**

Plaintiffs worked very hard and deliberately for years to maintain their excellent credit history.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38.

**COMPLAINT ¶39:**

The failures of the CRAs and NILT to correct this inaccurate reporting has caused Plaintiffs a great amount of anxiety and has impaired their ability, to obtain credit or to obtain credit on favorable terms.

- 11 -

**ANSWER:**

Equifax denies the allegations in Paragraph 39 that are directed at Equifax.  Equifax further denies that it violated the FCRA and denies that Plaintiffs are entitled to any relief whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint.

**CLAIMS FOR RELIEF**

**FCRA Violations by Nissan-Infiniti-LT**

**COMPLAINT ¶40:**

This is a claim for violations of the federal Fair Credit Reporting Act.

**ANSWER:**

Equifax admits that Plaintiffs purport to bring an action under the FCRA but denies that it violated the FCRA and denies that Plaintiffs are entitled to any relief whatsoever.

**COMPLAINT ¶41:**

NILT furnished credit information about Plaintiffs to the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 41.

**COMPLAINT ¶42:**

NILT is subject to the requirements of the FCRA, including those duties set out in 15 U.S.C. § 1681s-2(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 42.

**COMPLAINT ¶43:**

At all relevant times, NILT provided inaccurate, misleading, and/or incomplete credit information to the CRAs about Plaintiffs.  This inaccurate, misleading, and/or incomplete credit information was reported by the CRAs to Plaintiffs' potential lenders and others in a position of evaluating Plaintiffs' creditworthiness, credit standing, credit capacity, character, and general reputation.

**ANSWER:**

Equifax denies the allegations in Paragraph 43 that are directed at Equifax.  Equifax further

denies that it violated the FCRA and denies that Plaintiffs are entitled to any relief whatsoever.

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

Plaintiffs have notified the CRAs of their disputes of the information being reported by NILT.  Upon information and belief, the CRAs forwarded to NILT a form of Plaintiffs' disputes and requests for reinvestigation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 44.

**COMPLAINT ¶45:**

Information was available to NILT that should have, upon a reasonable investigation, informed NILT that its reporting of the account was inaccurate, misleading, and/or incomplete.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 45.

**COMPLAINT ¶46:**

NILT knew, should have known, or acted recklessly in not knowing that it was reporting Plaintiffs' account inaccurately.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 46.

**COMPLAINT ¶47:**

There is no reasonable interpretation of credit reporting law that could justify NILT's reporting of the account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 47.

**COMPLAINT ¶48:**

Despite its knowledge that the information being reported to Plaintiffs' credit files was inaccurate, misleading, and/or incomplete, NILT repeatedly reported the information and repeatedly verified the information as accurate, knowing that by doing so Plaintiffs' creditworthiness would be damaged.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 48.

**COMPLAINT ¶49:**

NILT has taken actions which violate the FCRA, specifically 15 U.S.C. § 1681 s-2(b). These actions include, but are not limited to, the following: (a) reporting inaccurate, misleading, and/or incomplete information to the CRAs regarding the mortgage account; (b) failing to fully, properly, or reasonably investigate Plaintiffs' requests for reinvestigation; (c) failing to review all relevant information regarding Plaintiffs' requests for reinvestigation and/or disregarding that information after review; (d) after receiving notice of Plaintiffs' requests for reinvestigation, continuing to submit inaccurate, misleading, and/or incomplete information to the CRAs regarding the mortgage account; (e) failing to modify, delete, or permanently block the reporting of credit information regarding Plaintiffs, which Select Portfolio knows to be inaccurate, misleading, and/or incomplete; and (f) failing to accurately respond to Plaintiffs' requests for reinvestigation made through the CRAs after receipt of their disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 49.

**COMPLAINT ¶50:**

NILT knows that the information it provided to the CRAs was false, inaccurate, misleading, and/or incomplete.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 50.

**COMPLAINT ¶51:**

As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, damage to credit reputation, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 51.

**COMPLAINT ¶52:**

The acts and/or omissions of NILT made in violation of the FCRA were willful, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. § 1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 52.

**COMPLAINT ¶53:**

The acts and/or omissions of NILT made in violation of the FCRA were negligently made, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53.

### FCRA Violations by Trans Union

**COMPLAINT ¶54:**

Plaintiffs disputed the NILT tradeline with Trans Union and requested that Trans Union conduct a reinvestigation pursuant to Section 1681i.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 54.

**COMPLAINT ¶55:**

Plaintiffs' requests for reinvestigation included sufficient information for Trans Union to provide actual notice that the information in dispute was inaccurate and that the sources of the disputed information were not reliable.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 55.

**COMPLAINT ¶56:**

But Trans Union did not conduct any reinvestigations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 56.

**COMPLAINT ¶57:**

Instead, in response to Plaintiffs' disputes, Trans Union simply parroted the inaccurate reporting it received from NILT and conducted no investigation of its own.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 57.

**COMPLAINT ¶58:**

In response to Plaintiffs' disputes, Trans Union performed no investigation at all and did not even initiate its normal reinvestigation processing procedures.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58.

**COMPLAINT ¶59:**

If Trans Union did conduct the reinvestigations requested by Plaintiffs, Trans Union failed to perform reasonable investigations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 59.

**COMPLAINT ¶60:**

Trans Union knows that the FCRA does not permit it to simply parrot the information it receives from furnishers; yet this is exactly what Trans Union does both when it initially reports information and when it investigates consumer disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60.

**COMPLAINT ¶61:**

Even prior to Plaintiffs' requests for reinvestigation, Trans Union maintained sufficient information about the NILT account for Trans Union to conclude that the account was being inaccurately reported and/or that NILT's reporting of the account was not reliable.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 61.

**COMPLAINT ¶62:**

Trans Union failed to follow reasonable procedures to assure the maximum possible
accuracy of Plaintiffs' consumer reports in violation of Section 1681e(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 62.

**COMPLAINT ¶63:**

As a proximate result of this conduct, Plaintiffs suffered actual damages including, but
not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, reduction
in the credit limit or credit terms from at least one other creditor, mental and emotional pain,
distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 63.

**COMPLAINT ¶64:**

Trans Union negligently violated Section 1681e; alternatively, Trans Union willfully
violated Section 1681e.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 64.

**COMPLAINT ¶65:**

Trans Union negligently violated Section 1681i; alternatively Trans Union willfully
violated Section 16811.

**ANSWER:**

    Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 65.

**COMPLAINT ¶66:**

    Plaintiffs suffered damages as a result of these violations for which Plaintiffs are entitled
to recover under Section 1681o or, alternatively, Section 1681n.

**ANSWER:**

    Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 66.

**FCRA Violations by Equifax**

**COMPLAINT ¶67:**

    Plaintiffs disputed the NILT tradeline with Equifax and requested that Equifax conduct a
reinvestigation pursuant to Section 1681i.

**ANSWER:**

    Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 67.

**COMPLAINT ¶68:**

    Plaintiffs' requests for reinvestigation included sufficient information for Equifax to
provide actual notice that the information in dispute was inaccurate and that the sources of the
disputed information were not reliable.

**ANSWER:**

    Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 68.

**COMPLAINT ¶69:**

    But Equifax did not conduct any reinvestigations.

**ANSWER:**

Equifax denies that it violated the FCRA and denies that Plaintiff is entitled to any relief

whatsoever.  Equifax lacks knowledge or information sufficient to form a belief as to the remaining

allegations set forth in Paragraph 69.

**COMPLAINT ¶70:**

Instead, in response to Plaintiffs' disputes, Equifax simply parroted the inaccurate
reporting it received from NILT and conducted no investigation of its own.

**ANSWER:**

Equifax denies that it violated the FCRA and denies that Plaintiff is entitled to any relief

whatsoever.  Equifax lacks knowledge or information sufficient to form a belief as to the remaining

allegations set forth in Paragraph 70.

**COMPLAINT ¶71:**

In response to Plaintiffs' disputes, Equifax performed no investigation at all and did not
even initiate its normal reinvestigation processing procedures.

**ANSWER:**

Equifax denies that it violated the FCRA and denies that Plaintiff is entitled to any relief

whatsoever.  Equifax lacks knowledge or information sufficient to form a belief as to the remaining

allegations set forth in Paragraph 71.

**COMPLAINT ¶72:**

If Equifax did conduct the reinvestigations requested by Plaintiffs, Equifax failed to
perform reasonable investigations.

**ANSWER:**

Equifax denies that it violated the FCRA and denies that Plaintiff is entitled to any relief

whatsoever.  Equifax lacks knowledge or information sufficient to form a belief as to the remaining

allegations set forth in Paragraph 72.

- 20 -

**COMPLAINT ¶73:**

Equifax knows that the FCRA does not permit it to simply parrot the information it receives from furnishers; yet this is exactly what Equifax does both when it initially reports information and when it *investigates* consumer disputes.

**ANSWER:**

Equifax denies that it violated the FCRA and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶74:**

Even prior to Plaintiffs' requests for reinvestigation, Equifax maintained sufficient information about the NILT account for Equifax to conclude that the account was being inaccurately reported and/or that NILT's reporting of the account was not reliable.

**ANSWER:**

Equifax denies that it violated the FCRA and denies that Plaintiff is entitled to any relief whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 74.

**COMPLAINT ¶75:**

Equifax failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' consumer reports in violation of Section 1681e(b).

**ANSWER:**

Equifax denies that it violated the FCRA and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶76:**

As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER:**

Equifax denies that it caused any damages to Plaintiffs.  Equifax further denies that it violated the FCRA and denies that Plaintiff is entitled to any relief whatsoever.  Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 76.

**COMPLAINT ¶77:**

Equifax negligently violated Section 1681e, alternatively, Equifax willfully violated Section 1681e.

**ANSWER:**

Equifax denies that it violated the FCRA and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶78:**

Equifax negligently violated Section 1681i; alternatively, Equifax willfully violated Section 1681i.

**ANSWER:**

Equifax denies that it violated the FCRA and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶79:**

Plaintiffs suffered damages as a result of these violations for which Plaintiffs are entitled to recover under Section 1681o or, alternatively, Section 1681n.

**ANSWER:**

Equifax denies that it caused any damages to Plaintiffs.  Equifax further denies that it violated the FCRA and denies that Plaintiff is entitled to any relief whatsoever.  Equifax lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 79.

**FCRA Violations by Experian**

**<u>COMPLAINT ¶80:</u>**

Plaintiffs disputed the NILT tradeline with Experian and requested that Experian conduct a reinvestigation pursuant to Section 1681i.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 80.

**<u>COMPLAINT ¶81:</u>**

Plaintiffs' requests for reinvestigation included sufficient information for Experian to provide actual notice that the information in dispute was inaccurate and that the sources of the disputed information were not reliable.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 81.

**<u>COMPLAINT ¶82:</u>**

But Experian did not conduct any reinvestigations.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 82.

**<u>COMPLAINT ¶83:</u>**

Instead, in response to Plaintiffs' disputes, Experian simply parroted the inaccurate reporting it received from NILT and conducted no investigation of its own.

**<u>ANSWER:</u>**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 83.

**COMPLAINT ¶84:**

In response to Plaintiffs' disputes, Experian performed no investigation at all and did not even initiate its normal reinvestigation processing procedures.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 84.

**COMPLAINT ¶85:**

If Experian did conduct the reinvestigations requested by Plaintiffs, Experian failed to perform reasonable investigations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 85.

**COMPLAINT ¶86:**

Experian knows that the FCRA does not permit it to simply parrot the information it receives from furnishers; yet this is exactly what Experian does both when it initially reports information and when it *investigates* consumer disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 86.

**COMPLAINT ¶87:**

Even prior to Plaintiffs' requests for reinvestigation, Experian maintained sufficient information about the NILT account for Experian to conclude that the account was being inaccurately reported and/or that NILT's reporting of the account was not reliable.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 87.

**COMPLAINT ¶88:**

Experian failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' consumer reports in violation of Section 168 le(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 88.

**COMPLAINT ¶89:**

As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 89.

**COMPLAINT ¶90:**

Experian negligently violated Section 1681e; alternatively, Experian willfully violated Section 1681e.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 90.

**COMPLAINT ¶91:**

Experian negligently violated Section 1681i; alternatively, Experian willfully violated Section 1681i.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 91.

**COMPLAINT ¶92:**

Plaintiffs suffered damages as a result of these violations for which Plaintiffs are entitled

to recover under Section 1681o or, alternatively, Section 1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 92.

## JURY DEMAND

**COMPLAINT ¶93:**

Plaintiffs demand a trial by jury.

**ANSWER:**

Equifax admits that Plaintiffs demand a trial by jury on all issues so triable.  Equifax objects

to a jury trial on all issues as to which a jury is not permitted as of right or as a matter of law.

## REQUEST FOR RELIEF

Plaintiffs respectfully requests that this Court enter judgments against NILT; Trans
Union; Equifax; and Experian for negligent and/or willful violations of the FCRA and award
Plaintiffs' actual damages, including damages for mental and emotional pain, distress, anguish,
humiliation, frustration, anxiety, embarrassment, and damage to credit reputation; statutory
damages; punitive damages; and costs and attorney's fees. Plaintiffs further request such other
relief as the Court deems just and proper.

**ANSWER:**

In response to Plaintiffs' prayer for relief, Equifax denies that Plaintiffs are entitled to the

relief sought or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Equifax

asserts the following affirmative and other defenses to the Complaint:

**FIRST DEFENSE**

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiffs against it.  Equifax is neither incorporated nor headquartered in New Jersey, and the conduct giving rise to Plaintiffs' claim occurred outside of New Jersey and was not targeted at New Jersey.

**SECOND DEFENSE**

This Court is not the proper venue as to the claims Plaintiffs bring against Equifax because the Court lacks personal jurisdiction over Equifax.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiffs' Complaint, Equifax prays that:

(1)     Plaintiffs' Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiffs;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

Dated: December 10, 2020                     SEYFARTH SHAW LLP


                                             By:  */s/ Alnisa Bell*
                                                  ALNISA BELL

                                             Attorneys for Defendant
                                             EQUIFAX INFORMATION SERVICES LLC

- 27 -

67074529v.1

## CERTIFICATE OF SERVICE

I certify that, on December 10, 2020, I filed the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of Court using the CM/ECF system, which will send e-mail notification of such filing to all attorneys of record.

*/s/ Alnisa Bell*
Alnisa Bell
Counsel for Defendant
Equifax Information Services LLC

28

67074529v.1