# Exhibit I

**LINDABURY, McCORMICK, ESTABROOK & COOPER**
A Professional Corporation
Thomas J. Sateary, Esq. (Attorney ID No. 017922012)
Sergio D. Simoes, Esq. (Attorney ID No. 016152006)
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey 07091
(908) 233-6800
Email: tsateary@lindabury.com; ssimoes@lindabury.com
Attorneys for Defendant, Nissan Motor Acceptance Corporation

| | |
|---|---|
| ANDREW RITZ AND MICHAEL RITZ, | **UNITED STATES DISTRICT COURT** |
| Plaintiffs, | **FOR THE DISTRICT OF NEW JERSEY** |
| v. | |
| NISSAN-INFINITI LT, TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES AND EXPERIAN INFORMATION SOLUTIONS, INC., | Civil Action No. 3:20-cv-13509 |
| Defendants. | |

TO:   Guerino Cento
      Cento Law
      5666 Carollton Avenue
      Indianapolis, IN 46220
      cento@centolaw.com
      Attorneys for the Plaintiffs

## DEFENDANT, NISSAN MOTOR ACCEPTANCE CORPORATION'S AMENDED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Nissan Motor Acceptance Corporation (improperly pled as "Nissan-Infiniti LT" and hereinafter "NMAC" or the "Defendant") by and through its attorneys, Lindabury, McCormick, Estabrook & Cooper (Thomas J. Sateary, Esq. and Sergio D. Simoes, Esq., appearing) hereby responds to Plaintiffs' (hereinafter "Plaintiffs") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

NMAC interposes the following General Objections to these Interrogatories and incorporates them by reference into each and every response. In providing these responses, NMAC does not in any way waive or intend to waive, but rather reserves and intends to reserve the following:

3259680v2

i. All objections as to competency, relevancy, materiality and admissibility;

ii. All rights to object on any ground to the use of any of the responses herein and documents in any subsequent proceeding, including the trial of this or any other action;

iii. All objections as to vagueness and ambiguity;

iv. All rights to object on any ground to any further discovery requests involving or relating to the request;

v. NMAC objects to each request to the extent it calls for the disclosure of information or documents protected by the attorney-client privilege, work product doctrine, material prepared in anticipation of litigation privilege, or any other privilege or rule of confidentiality. NMAC further objects to each request insofar as it seeks information related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representative of NMAC;

vi. NMAC objects to each request to the extent it seeks information, documents, or materials outside of NMAC's care, custody or control;

vii. NMAC objects to each request to the extent it seeks information, documents, or materials to which Plaintiffs have equal or greater access than NMAC, including, without limitation, matters of public record;

viii. NMAC's objections and responses are based on information available at present and NMAC reserves its right to supplement, amend, or correct its responses to these requests up to the time of trial;

ix. NMAC objects to each request to the extent it calls for conclusions of law;

x. NMAC objects to each request to the extent it is overly broad, unduly burdensome, and/or calls for disclosure of information that is not reasonably calculated to lead to the discovery of admissible evidence;

xi. NMAC incorporates the foregoing objections into each and every objection and/or individualized response contained herein and set forth below and into each and every amendment, supplement or modification to these responses hereinafter provided to the request.

## SPECIFIC AMENDED RESPONSES TO PLAINTIFFS' INTERROGATORIES

**Interrogatory No. 1**: Identify all investigations you conducted related to the account at issue in this case, including any investigation initiated as the result of receiving a consumer dispute from a consumer reporting agency. For each investigation identify:

1.1. The date on which you began the investigation;
1.2. The date you concluded the investigation;
1.3. All documents related in any way to the investigation;
1.4. All persons who participated in the investigation;
1.5. All internal email or other correspondence related to the investigation or sent to among the persons who participated in the investigation;
1.6. All notes contained within any database system in which you store information regarding the investigation and/or account at issue in this case.

**Response**: Objection. NMAC objects to this Interrogatory on the ground that it is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure, the applicable Local Rules and the Orders of the Court. Without waiving said objections, NMAC responds as follows:

On or about May 10, 2017, the Plaintiff, Andrew M. Ritz, leased a 2017 Nissan Sentra, VIN 3N1AB7AP1HY273133M, from DCH Freehold Nissan, for a two-year term, with a maturity date of May 9, 2019. On or about April 16, 2019, the Plaintiff requested a three (3) month end of lease extension, which was approved by the Defendant, NMAC, extending the lease maturity date to August 9, 2019. According to the dealer, DCH Freehold Nissan, the Vehicle had been returned to the dealership by the Plaintiff on August 9, 2019. Over a month after this date, on September 20, 2019, the Vehicle was abandoned at the DCH Freehold Nissan and not properly grounded. On or about September 27, 2019, NMAC received notice that the Vehicle had arrived at DCH Freehold Nissan on September 20, 2019. Accordingly, notwithstanding Plaintiff's abandonment of the Vehicle, Plaintiff's attempted grounding of the Vehicle was late, and in accordance with the terms of Plaintiff's contractual agreement with NMAC, Plaintiff was charged a $395.00 vehicle disposition fee upon surrendering the vehicle, as well as $9.08 in late charges and a disposition fee tax of $26.17. The Plaintiff maintained that he never made a late payment and requested a refund of the late charge and disposition fee tax by letter dated September 30, 2019, to NMAC. Following communications with the dealer and the Plaintiff, and despite the fact that the Vehicle had been surrendered late, as an accommodation to Plaintiff, NMAC submitted an update to the co-defendant credit bureaus to remove the late payment entry from Plaintiff's credit reports. In response to these events, NMAC undertook a good faith investigation of Plaintiff's account, and responds specifically to Plaintiff's interrogatory no. 1 as follows:

1.1. The date on which you began the investigation;

In light of the foregoing events, and in response to the Plaintiff's allegations and complaints, NMAC commenced its investigation on September 28, 2019.

1.2. The date you concluded the investigation;

NMAC concluded its investigation on or about January 17, 2020.

1.3. All documents related in any way to the investigation;

All documents related in any way to the investigation have been produced in NMAC's response to Plaintiff's First Request for Production. See specifically, Exhibit Q, activities log.

1.4. All persons who participated in the investigation;

As reflected in the activities log produced as Exhibit Q in response to Plaintiff's First Request for Production, several NMAC employees communicated with the Plaintiff and other parties in connection with the investigation including: Alejandro Arrioja, Mariel Galicia Fernandez, Fedra Cazarin, Alexa Mendoza, Adriana Ramirez, Del Rocio Palacio, Tonanzin Rodriguez, Gabriela Zamarrip, Lilliana a Alvarez, Francisco Valdes, Jose Mercado, Ricardo Rodriguez and Alejandro Diaz.

1.5. All internal email or other correspondence related to the investigation or sent to among the persons who participated in the investigation;

All documents related in any way to the investigation have been produced in NMAC's response to Plaintiff's First Request for Production. See specifically, Exhibit Q, activities log.

1.6. All notes contained within any database system in which you store information regarding the investigation and/or account at issue in this case.

All documents related in any way to the investigation have been produced in NMAC's response to Plaintiff's First Request for Production. See specifically, Exhibit Q, activities log.

**Interrogatory No. 2:** Do you believe you have an accuracy defense in this case? If so, identify all evidence, including documents and witnesses, upon which you will rely to make such a defense.

**Response:** Objection. NMAC objects that this Interrogatory calls for information that is irrelevant and that is protected from discovery by NMAC's attorney client and work product privileges. NMAC further objects to this interrogatory as it is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure, the applicable Local Rules and the Orders of the Court. Without waiving said objections, NMAC shall rely upon all affirmative defenses set forth in its pleadings and all defenses at its disposal, including but not limited to an accuracy defense. In support of its defenses, including its accuracy defense, NMAC shall rely upon all documents produced in response to Plaintiff's First Request for Production, and in particular, Exhibit A thereto, Plaintiff's CFPB Complaint, in which Plaintiff admits that he left the keys and vehicle at the dealership lot without properly grounding the vehicle. NMAC also intends to rely upon all

correspondence between NMAC and the Plaintiff, and further intends to rely upon Plaintiff's testimony to establish damages, or the lack thereof. As discovery remains ongoing, NMAC reserves the right to amend and supplement this answer.

**Interrogatory No. 3:** State all defenses you claim with regard to liability. For each claimed defense, identify each witness and document upon which the defense is based.

**Response:** Objection. NMAC objects that this Interrogatory calls for information that is irrelevant and that is protected from discovery by NMAC's attorney client and work product privileges. NMAC further objects to this interrogatory as it is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure, the applicable Local Rules and the Orders of the Court. Without waiving said objections, NMAC shall rely upon all affirmative defenses set forth in its pleadings and all defenses at its disposal, including but not limited to, Plaintiff's failure to state a claim against NMAC, any losses suffered by Plaintiff were caused by Plaintiff's own actions or inactions in properly surrendering the vehicle, any errors by NMAC were not intentional and resulted from a bona fide error, NMAC conducted a reasonable and fair investigation of Plaintiff's complaints, and any reports made to third-parties by NMAC were accurate. In support of these defenses, NMAC intends to rely upon all documents produced in response to Plaintiff's First Request for Production, and further intends to rely upon Plaintiff's testimony to establish damages, or the lack thereof. As discovery remains ongoing, NMAC reserves the right to amend and supplement this answer.

**Interrogatory No. 4:** Identify the procedures you believe are at issue in this case with respect to Plaintiff's Section 1681s-2(B) claim. For each procedure, state whether you believe that procedure was reasonable and how you know that the procedure was reasonable.

**Response:** Objection. NMAC objects to this interrogatory as it is unclear, vague, ambiguous or unintelligible, particularly as to the undefined term "procedures." NMAC further objects to this interrogatory as it calls for a legal conclusion as to whether such undefined "procedure was reasonable." Without waiving said objections, NMAC took all reasonable procedures necessary under the Fair Credit Reporting Act to ensure that the credit information about the Plaintiff was collected, maintained and dispensed in a manner fair and equitable to the Plaintiff with regard to the confidentiality, accuracy, relevancy and proper utilization of such information. As the Activities Log produced at Exhibit Q makes clear, NMAC repeatedly communicated with the Plaintiff by telephone and by letter to address his dispute, as well as with the co-defendant credit agencies. NMAC's investigation and procedures to address the Plaintiff's concerns were reasonable and made in good faith in light of the Plaintiff's tardy surrender of the Vehicle. As Plaintiff is aware, the Vehicle was abandoned by the Plaintiff and not properly surrendered and grounded until September 20, 2019, well after the extended lease maturity date of August 9, 2019; accordingly, the Plaintiff's account was considered late and late fees were reported.

**Interrogatory No. 5:** Did you ever report the account at issue in this case as paid late? If so, explain why you made that reporting. If you later changed that reporting, explain when and why you changed that reporting.

**Response:** Objection. NMAC objects to this Interrogatory on the ground that it is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure, the applicable Local Rules and the Orders of the Court. Without waiving said objections, NMAC reported the account at issue as late because the Vehicle was grounded late due to the Plaintiff's abandonment of the Vehicle at the dealership. Notwithstanding Plaintiff's improper and late surrender of the Vehicle to the dealership, NMAC made an accommodation and the reporting was updated on or about January 17, 2020. Plaintiff is directed to Answer to Interrogatory No. 1.

## VERIFICATION

STATE OF      )
              ) ss.:
COUNTY OF     )

I  Allison Edmond  [corporate representative] Supervisor [title] of Nissan Motor Acceptance Corporation. I am the agent of Nissan Motor Acceptance Corporation for the purpose of answering Plaintiff's First Set of Interrogatories. I have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information and belief. I declare under penalty of perjury that the foregoing is true and correct.

*Allison Edmond*

Sworn to before me this  18th  day of  June , 20 21

[notary stamp]

3259680v2

## CERTIFICATION OF SERVICE

I hereby certify that on this 18th day of June, 2021, I caused a true and correct copy of Nissan Motor Acceptance Corporation's Amended Answers to Plaintiff's First Set of Interrogatories to be served via electronic mail and first class, regular mail on the following counsel of record:

>Guerino Cento, Esq.
>Cento Law
>5666 Carollton Avenue
>Indianapolis, IN 46220
>cento@centolaw.com

LINDABURY, MCCORMICK, ESTABROOK & COOPER, PC
Attorneys for Defendant,
Nissan Motor Acceptance Corporation

By: */s/ Thomas J. Sateary*
Thomas J. Sateary, Esq.
(Attorney ID No. 017922012)

*/s/ Sergio D. Simoes*
Sergio D. Simoes
(Attorney ID No. 016152006)

Dated: June 18, 2021

3259680v2