# Exhibit Q

2020 WL 6150923
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Tampa Division.

Neelam UPPAL, Plaintiff,
v.
WELLS FARGO BANK, NA, Defendant.

Case No. 8:19-cv-1334-T-02JSS
|
Signed 10/20/2020

**Attorneys and Law Firms**

Neelam Uppal, Largo, Fl, pro se.

Jay F. Romano, Discrimination Law Center, P.A, Boca Raton, FL, for Plaintiff.

Eve A. Cann, Spencer Devin Leach, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Ft. Lauderdale, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

WILLIAM F. JUNG, UNITED STATES DISTRICT JUDGE

*1 This matter is before the Court on Defendant Wells Fargo's Motion to Dismiss, Dkt. 91, *pro se* Plaintiff Neelam Uppal's Third Amended Complaint, Dkt. 87. Plaintiff filed a response, Dkt. 98. As explained below, the Court grants Defendant's Motion to Dismiss with prejudice.

### BACKGROUND

This case stems from a long saga involving the foreclosure of real property located at 8760 46th Street, Pinellas County, Florida. Dkt. 37 at 2. The Court already detailed the facts and procedural background of this case and the state court foreclosure action in a previous order. Dkt. 37 at 2–7. To quickly summarize, Plaintiff Uppal accuses Defendant Wells Fargo of violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by forging a loan secured by a mortgage on Plaintiff's property, using the forged loan to improperly foreclose on the property, and then falsely reporting information about the forged loan to credit reporting agencies that, in turn, negatively impacted Plaintiff's credit. Dkt. 87 at 2–3.

This Court has dismissed Plaintiff's claims twice before. Dkts. 37, 75. First, the Court ruled that most of Plaintiff's claims in the First Amended Complaint were barred by collateral estoppel and the compulsory counterclaim rule.[1] Dkt. 37. 10–13. The Court found that Plaintiff had filed or should have filed those claims in the state court action because they were intertwined with the validity of the loan, the alleged fraud/forgery, and the propriety of foreclosure. *Id.* But the Court allowed Plaintiff to amend her FCRA claim to allege facts showing the claim was not compulsory or barred by collateral estoppel. *Id.* at 14–16.

Plaintiff then brought a single claim under the FCRA in her Second Amended Complaint. Dkt. 44. The Court dismissed the claim, finding that Plaintiff had failed to allege that Defendant Wells Fargo received notice about the loan dispute from a consumer reporting agency—a critical element necessary to support a claim under § 1681s–2(b). Dkt. 75 at 3. The Court also warned Plaintiff that her pleadings were carelessly written and contained several inaccuracies and inconsistencies. Dkt. 75 at 4–5. Nevertheless, the Court granted Plaintiff one last chance to amend her FCRA claim, instructing her to fix these issues should she choose to refile. *Id.*

At issue today is Plaintiff's Third Amended Complaint. Dkt. 87. Plaintiff, who is now proceeding *pro se*, brings a single claim against Defendant Wells Fargo under 15 U.S.C. § 1681s–2(b). *Id.* Defendant Wells Fargo moves to dismiss the complaint with prejudice under three theories: (1) the FCRA claim is barred by collateral estoppel, (2) the FCRA claim is barred by the compulsory counterclaim rule, and (3) Plaintiff failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 91. In response, Plaintiff argues the state court never considered the FCRA claim, and that she adequately pled her claim for relief. Dkt. 98.

### LEGAL STANDARD

*2 To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citation omitted). When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). However, the Court need not take allegations as true if they are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

The FCRA protects consumers against the dissemination of inaccurate credit information. *See Equifax, Inc. v. FTC*, 678 F.2d 1047, 1048 (11th Cir. 1982). It requires furnishers of credit information—such as Defendant Wells Fargo—to investigate the accuracy of such information after receiving notice of a dispute on a consumer's account. *See* § 1681s-2(b). Consumers can enforce this provision through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency ("CRA"). *See Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (citing § 1681s-2(b)(1)). After receiving such notice, a furnisher is required to investigate the disputed information and review all relevant information provided to it by the CRA. *See* § 1681s-2(b)(1)(A)-(B). If the furnisher determines it provided inaccurate information to the CRA, the furnisher must notify all CRAs that received this inaccurate information and promptly modify, delete, or block the information. *See* § 1681s-2(b)(1)(D).

Importantly, to state a claim under § 1681s-2(b), a plaintiff must show there was a factual inaccuracy in the furnisher's information, rather than the existence of a disputed legal question. *See Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)). When a plaintiff merely asserts a legal challenge to the validity of an existing debt, the plaintiff fails to demonstrate a factual inaccuracy in the furnisher's report of that debt. *See id.*; *see also Schuh v. Am. Express Bank, FSB*, Case No. 17-24345-CIV-Williams/Torres, 2018 WL 3751467, at *3 (S.D. Fla. May 3, 2018), *report and recommendation adopted*, 2018 WL 373022b (S.D. Fla. May 31, 2018), *aff'd* 806 F. App'x 973 (11th Cir. 2020). Furnishers are neither qualified nor obligated to resolve issues that can only be resolved by a court of law. *See Chiang*, 595 F.3d at 38.

Here, Plaintiff Uppal bases the FCRA claim on her belief the note is a forgery. She accuses Wells Fargo of responding to credit bureaus with "a fabricated fraudulent document to support their negative report." Dkt. 87 at 3. She claims she has suffered damages "based on the negligent fraud with negative Credit reporting continuing legal actions by the Defendant's Fraud for the last 10 years *based on a doctored, fabricated Bogus, Loan document*." Dkt. 87 at 16 (emphasis added). Plaintiff even presents several forensic reports as evidence of the note's alleged forgery. Dkts. 87-3, 88.

The Court holds that this is an improper basis for a claim under § 1681s- 2(b). Plaintiff's forgery argument is a legal defense to the debt, rather than a factual inaccuracy in Defendant Wells Fargo's reporting. *See Robertson v. Robertson*, 61 So. 2d 499, 504 (Fla. 1952) (en banc) (recognizing forgery as a legal defense to foreclosure actions). The state court already resolved this legal question in the foreclosure action when it entered judgment in favor of Defendant Wells Fargo. Dkt. 34-10. In fact, the state court said: "This case has been litigated for over six years with [Plaintiff Uppal] claiming 'fraud' throughout since her initial answer filed in January 1, 2013. Any issue of 'fraud' was resolved or must have been raised previously." Dkt. 34-11. Accordingly, because Plaintiff bases her FCRA claim on the existence of a legal question—indeed, a resolved legal question—as opposed to a factual inaccuracy, the claim must be dismissed. *See Hunt*, 770 F. App'x at 458; *see also Chiang*, 595 F.3d at 38.

**\*3** The Court dismisses this action with prejudice.[2] This is Plaintiff's fourth attempt at pleading an FCRA claim. Dkts. 1, 16, 44, 87. The Court told Plaintiff this would be her final opportunity. Dkt. 75 at 1. The Court even cautioned Plaintiff and her former attorney that they could face sanctions if they again failed to establish Plaintiff's allegations by competent proof. *Id.* at 4. Moreover, Plaintiff has failed to fix the inconsistencies plaguing each of her complaints, despite the Court's pointed warnings. *Id.* at 4–5. For example, Plaintiff still alleges Defendant Wells Fargo issued the loan, despite this fact being plainly refuted by Plaintiff's own attachments.

Dkt. 87 at 2; Dkt. 87-3. Likewise, Plaintiff still requests an injunction stopping the foreclosure sale of the property, despite the property already being sold in October 2019. *Id.* at 16. The Court highlighted these deficiencies and others in its last order, yet Plaintiff chose not to correct them. Given this pattern of behavior, the Court believes any further amendment would be futile, and it dismisses the case with prejudice.[3]

## CONCLUSION

The Court grants Wells Fargo's Motion to Dismiss (Dkt. 91) with prejudice. The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on October 20, 2020.

**All Citations**

Slip Copy, 2020 WL 6150923

## Footnotes

1   The Court dismissed the following claims under these theories: (1) civil RICO violations; (2) mail fraud in violation of the RICO statute; (3) violation of the Real Estate Settlement Procedures Act; (4) violation of the Truth-in-Lending Act; (5) state law claims for fraudulent misrepresentation; and (6) state law claims for civil conspiracy. Dkt. 37.

2   Because the Court is dismissing Plaintiff's claim with prejudice, the Court need not address Defendant's arguments under the compulsory counterclaim rule and the doctrine of collateral estoppel.

3   Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court need not grant leave to amend when such amendment would be futile or the plaintiff repeatedly failed to cure deficiencies. *See Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001).