# Exhibit R

2021 WL 2942674
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Orlando Division.

Mark S. MAYER, Plaintiff,
v.
HOLIDAY INN CLUB VACATIONS INCORPORATED and Experian Information Solutions, Inc., Defendants.

Case No. 6:20-cv-2283-GAP-EJK
|
Signed 03/09/2021

**Attorneys and Law Firms**

J. Andrew Meyer, Finn Law Group, P.A., St. Petersburg, FL, Jon Paul Dubbeld, Jordan Tyler Isringhaus, Sean Edward McEleney, Aaron M. Swift, Swift, Isringhaus & Dubbeld, P.A., St. Petersburg, FL, for Plaintiff.

Christopher Carroll O'Brien, Pamela M. Patterson, Bitman, O'Brien & Morat, PLLC, Lake Mary, FL, Maria Helena Ruiz, Kasowitz Benson Torres LLP, Miami, FL, for Defendant.

**ORDER**

GREGORY A. PRESNELL, UNITED STATES DISTRICT JUDGE

\*1 This matter comes before the Court without a hearing on Defendant's Motion to Dismiss (Doc. 14) Plaintiff's Complaint (Doc. 1). In ruling on this Motion, the Court considered Plaintiff's Response in Opposition (Doc. 21) and Defendant's reply in support of its motion (Doc. 26).

**I. Background** [1]
On September 15, 2014, Plaintiff Mark S. Mayer ("Mayer") entered a timeshare agreement (the "Agreement") with Defendant Holiday Inn Club Vacations Incorporated ("HICV") for a property in Cape Canaveral, Florida. Mayer made timely payments on the Agreement between November 2014 and June 2017, after which, Mayer ceased making payments. Through legal counsel, Mayer mailed HICV letters in January 2019 and November 2019 that disputed the Agreement's validity. The letters further stated that Mayer elected to rescind the Agreement and permit HICV to retain all payments already made as liquidated damages.

In August 2019, Mayer obtained a copy of his consumer disclosure report from Defendant Experian Information Solutions, Inc. ("Experian"). The report reflected that HICV reported Mayer's account with them "as a late, derogatory, or adverse account including a balance due, a balance past-due, and late payment information." (Doc. 1, ¶ 51). Mayer submitted three letters to Experian disputing the credit report in February 2020, March 2020, and April 2020. The letters stated that the basis for the dispute was that Mayer terminated the Agreement and, pursuant to its terms, he owed no balance. Experian communicated each dispute to HICV and HICV certified that the information was accurate. Experian communicated this to Mayer.

Mayer filed this lawsuit against Defendants on December 15, 2020, asserting claims under the Fair Credit Reporting Act. (Doc. 1). HICV has filed a Motion to Dismiss (Doc. 14) Count I of Mayer's Complaint. [2]

**II. Legal Standard**
In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff, see, e.g., Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. See Fed. R. Civ. P. 10(c); see also GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " United States v. Baxter Int'l, Inc., 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice,

*Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### III. Analysis

*2 HICV argues that Mayer has failed to state a claim against it under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). Under the FCRA a Credit Reporting Agency ("CRA") is required, upon receipt of a dispute by a consumer, to investigate the accuracy of the disputed information. 15 U.S.C. § 1681i(a)(1)(A). As part of that investigation, the CRA must notify the furnisher of the information that the consumer disputes its accuracy. § 1681i(a)(2)(A). Furnishers are prohibited from "furnish[ing] any information relating to a consumer to any [CRA] if the [furnisher] knows or has reasonable cause to believe that the information is inaccurate." § 1681s-2(a). When the furnisher receives notice of a dispute, section 1681s-2(b)(1) requires the furnisher to

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

§ 1681(b)(1). Section 1681(b)(1) further states that

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

*Id.*

Whether a furnisher has satisfied its burden under section 1681(b)(1) is a question of reasonableness. *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018). "When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, 'the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true.' " *Id.* (quoting *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016)). HICV verified the disputed information as accurate. Therefore, to state a claim Mayer must allege that the information on his credit report was inaccurate and that HICV did not reasonably investigate his dispute.

HICV contends that Mayer's claim against it must be dismissed because Mayer did not allege any *factual* inaccuracy in the report, but rather points to a legal dispute as the basis for his FCRA claim. "A plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher under § 1681s-2(b)." *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) (quoting *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)). Mayer alleges that HICV "inaccurately reported the Account as late, past-due, and with a total balance due in excess of $11,000.00 ...." (Doc. 1, ¶ 76). Mayer does not allege any factual error, instead, he states that the report was inaccurate because he did not owe this balance pursuant to a default and liquidated damages provision in the Agreement. (*Id.* ¶¶ 33, 34, 40–51). Whether Mayer was obligated to continue making payments under the agreement is a legal contractual dispute, not a factual issue that would support a FCRA claim. *See Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020) (plaintiff failed to state a FCRA

claim because allegations relating to whether a liquidated damages provision applied involved a legal dispute, not a factual inaccuracy).[3] Even if Mayer is correct with respect to his interpretation of the agreement, a legal error on HICV's part cannot support a FCRA claim. *See Hunt*, 770 F. App'x at 458 (citing *Chiang*, 595 F.3d at 38).

*3 Therefore, Mayer failed to state a FCRA claim against HICV and Count I of his Complaint must be dismissed.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 14) is **GRANTED**. Count I of Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice. If Plaintiff wishes to file an amended complaint, he may do so within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 9, 2021.

**All Citations**

Slip Copy, 2021 WL 2942674

### Footnotes

1   This factual summary is based on the allegations contained in the Complaint (Doc. 1) and "in reviewing motions to dismiss we accept as true the facts stated in the complaint and all reasonable inferences therefrom." *Jackson v. Okaloosa Cnty.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

2   Experian filed an answer to the Complaint on January 20, 2021. (Doc. 15).

3   Although *Batterman* involved a CRA and not a furnisher, the same rationale applies here. *See Chiang*, 595 F.3d at 38 ("In light of the parallel obligations imposed on CRAs and furnishers ... that same rationale supports requiring a showing of actual inaccuracy in suits against furnishers."). "Like CRAs, furnishers are 'neither qualified nor obligated to resolve' matters that 'turn[ ] on questions that can only be resolved by a court of law.'" *Id.* (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)).

**End of Document**                                                                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.