# Exhibit U

# Code of Federal Regulations

## Title 49 - Transportation

Volume: 7
Date: 2011-10-01
Original Date: 2011-10-01
Title: PART 580 - ODOMETER DISCLOSURE REQUIREMENTS
Context: Title 49 - Transportation. Subtitle B - Other Regulations Relating to Transportation (Continued). CHAPTER V - NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, DEPARTMENT OF TRANSPORTATION (CONTINUED).

Pt. 580

## PART 580—ODOMETER DISCLOSURE REQUIREMENTS

Sec.
- 580.1   Scope.
- 580.2   Purpose.
- 580.3   Definitions.
- 580.4   Security of title documents and power of attorney forms.
- 580.5   Disclosure of odometer information.
- 580.6   [Reserved]
- 580.7   Disclosure of odometer information for leased motor vehicles.
- 580.8   Odometer disclosure statement retention.
- 580.9   Odometer record retention for auction companies.
- 580.10  Application for assistance.
- 580.11  Petition for approval of alternate disclosure requirements.
- 580.12  Petition for extension of time.
- 580.13  Disclosure of odometer information by power of attorney.
- 580.14  Power of attorney to review title documents and acknowledge disclosure.
- 580.15  Certification by person exercising powers of attorney.
- 580.16  Access of transferee to prior title and power of attorney documents.
- 580.17  Exemptions.

Appendix A to Part 580—Secure Printing Processes and Other Secure processes

Appendix B to Part 580—Disclosure Form for Title

Appendix C to Part 580—Separate Disclosure Form

Appendix D to Part 580—Disclosure Form for Leased Vehicle

Appendix E to Part 580—Power of Attorney Disclosure Form

Authority: 49 U.S.C. 32705; delegation of authority at 49 CFR 1.50(f) and 501.8(e)(1).
Source:   53 FR 29476, Aug. 5, 1988, unless otherwise noted.

### § 580.1   Scope.

This part prescribes rules requiring transferors and lessees of motor vehicles to make written disclosure to transferees and lessors respectively, concerning the odometer mileage and its accuracy as directed by sections 408 (a) and (e) of the Motor Vehicle Information and Cost Savings Act as amended, 15 U.S.C. 1988 (a) and (e). In addition, this part prescribes the rules requiring the retention of odometer disclosure

statements by motor vehicle dealers, distributors and lessors and the retention of certain other information by auction companies as directed by sections 408(g) and 414 of the Motor Vehicle Information and Cost Savings Act as amended, 15 U.S.C. 1990(d) and 1988(g).

### § 580.2     Purpose.

The purpose of this part is to provide purchasers of motor vehicles with odometer information to assist them in determining a vehicle's condition and value by making the disclosure of a vehicle's mileage a condition of title and by requiring lessees to disclose to their lessors the vehicle's mileage at the time the lessors transfer the vehicle. In addition, the purpose of this part is to preserve records that are needed for the proper investigation of possible violations of the Motor Vehicle Information and Cost Savings Act and any subsequent prosecutorial, adjudicative or other action.

### § 580.3     Definitions.

All terms defined in sections 2 and 402 of the Motor Vehicle Information and Cost Savings Act are used in their statutory meaning. Other terms used in this part are defined as follows:

*Lessee* means any person, or the agent for any person, to whom a motor vehicle has been leased for a term of at least 4 months.

*Lessor* means any person, or the agent for any person, who has leased 5 or more motor vehicles in the past 12 months.

*Mileage* means actual distance that a vehicle has traveled.

*Original power of attorney* means, for single copy forms, the document set forth by secure process which is issued by the State, and, for multicopy forms, any and all copies set forth by secure process which are issued by the State.

*Secure printing process or other secure process* means any process which deters and detects counterfeiting and/or unauthorized reproduction and allows alterations to be visible to the naked eye.

*Transferee* means any person to whom ownership of a motor vehicle is transferred, by purchase, gift, or any means other than by the creation of a security interest, and any person who, as agent, signs an odometer disclosure statement for the transferee.

*Transferor* means any person who transfers his ownership of a motor vehicle by sale, gift, or any means other than by the creation of a security interest, and any person who, as agent, signs an odometer disclosure statement for the transferor.

[53 FR 29476, Aug. 5, 1988, as amended at 54 FR 35887, Aug. 30, 1989; 56 FR 47686, Sept. 20, 1991]

### § 580.4     Security of title documents and power of attorney forms.

Each title shall be set forth by means of a secure printing process or other secure process. In addition, power of attorney forms issued pursuant to §§ 580.13 and 580.14 and documents which are used to reassign the title shall be issued by the State and shall be set forth by a secure process.

[54 FR 35887, Aug. 30, 1989]

### § 580.5     Disclosure of odometer information.

(a) Each title, at the time it is issued to the transferee, must contain the mileage disclosed by the transferor when ownership of the vehicle was transferred and contain a space for the information required to be disclosed under paragraphs (c), (d), (e) and (f) of this section at the time of future transfer.

(b) Any documents which are used to reassign a title shall contain a space for the information required to be disclosed under paragraphs (c), (d), (e) and (f) of this section at the time of transfer of ownership.

(c) In connection with the transfer of ownership of a motor vehicle, each transferor shall disclose the mileage to the transferee in writing on the title or, except as noted below, on the document being used to reassign the title. In the case of a transferor in whose name the vehicle is titled, the transferor shall disclose the mileage on the title, and not on a reassignment document. This written disclosure must be signed by the transferor, including the printed name. In connection with the transfer of ownership of a motor vehicle in which more than one person is a transferor, only one transferor need sign the written disclosure. In addition to the signature and printed name of the transferor, the written disclosure must contain the following information:

(1) The odometer reading at the time of transfer (not to include tenths of miles);

(2) The date of transfer;

(3) The transferor's name and current address;

(4) The transferee's name and current address; and

(5) The identity of the vehicle, including its make, model, year, and body type, and its vehicle identification number.

(d) In addition to the information provided under paragraph (c) of this section, the statement shall refer to the Federal law and shall state that failure to complete or providing false information may result in fines and/or imprisonment. Reference may also be made to applicable State law.

(e) In addition to the information provided under paragraphs (c) and (d) of this section,

(1) The transferor shall certify that to the best of his knowledge the odometer reading reflects the actual mileage, or;

(2) If the transferor knows that the odometer reading reflects the amount of mileage in excess of the designed mechanical odometer limit, he shall include a statement to that effect; or

(3) If the transferor knows that the odometer reading differs from the mileage and that the difference is greater than that caused by odometer calibration error, he shall include a statement that the odometer reading does not reflect the actual mileage, and should not be relied upon. This statement shall also include a warning notice to alert the transferee that a discrepancy exists between the odometer reading and the actual mileage.

(f) The transferee shall sign the disclosure statement, print his name, and return a copy to his transferor.

(g) If the vehicle has not been titled or if the title does not contain a space for the information required, the written disclosure shall be executed as a separate document.

(h) No person shall sign an odometer disclosure statement as both the transferor and transferee in the same transaction, unless permitted by §§ 580.13 or 580.14.

[53 FR 29476, Aug. 5, 1988, as amended at 54 FR 35887, Aug. 30, 1989; 56 FR 47686, Sept. 20, 1991]

### § 580.6    [Reserved]

### § 580.7    Disclosure of odometer information for leased motor vehicles.

(a) Before executing any transfer of ownership document, each lessor of a leased motor vehicle shall notify the lessee in writing that the lessee is required to provide a written disclosure to the lessor regarding the mileage. This notice shall contain a reference to the federal law and shall state that failure to complete or providing false information may result in fines and/or imprisonment. Reference may also be made to applicable State law.

(b) In connection with the transfer of ownership of the leased motor vehicle, the lessee shall furnish to the lessor a written statement regarding the mileage of the vehicle. This statement must be signed by the lessee and, in addition to the information required by paragraph (a) of this section, shall contain the following information:

(1) The printed name of the person making the disclosure;

(2) The current odometer reading (not to include tenths of miles);

(3) The date of the statement;

(4) The lessee's name and current address;

(5) The lessor's name and current address;

(6) The identity of the vehicle, including its make, model, year, and body type, and its vehicle identification number;

(7) The date that the lessor notified the lessee of disclosure requirements;

(8) The date that the completed disclosure statement was received by the lessor; and

(9) The signature of the lessor.

(c) In addition to the information provided under paragraphs (a) and (b) of this section,

(1) The lessee shall certify that to the best of his knowledge the odometer reading reflects the actual mileage; or

(2) If the lessee knows that the odometer reading reflects the amount of mileage in excess of the designed mechanical odometer limit, he shall include a statement to that effect; or

(3) If the lessee knows that the odometer reading differs from the mileage and that the difference is greater than that caused by odometer calibration error, he shall include a statement that the odometer reading is not the actual mileage and should not be relied upon.

(d) If the lessor transfers the leased vehicle without obtaining possession of it, the lessor may indicate on the title the mileage disclosed by the lessee under paragraph (b) and (c) of this section, unless the lessor has reason to believe that the disclosure by the lessee does not reflect the actual mileage of the vehicle.

### § 580.8    Odometer disclosure statement retention.

(a) Dealers and distributors of motor vehicles who are required by this part to execute an odometer disclosure statement shall retain for five years a photostat, carbon or other facsimile copy of each odometer mileage statement which they issue and receive. They shall retain all odometer disclosure statements at their primary place of business in an order that is appropriate to business requirements and that permits systematic retrieval.

(b) Lessors shall retain, for five years following the date they transfer ownership of the leased vehicle, each odometer disclosure statement which they receive from a lessee. They shall retain all odometer disclosure statements at their primary place of business in an order that is appropriate to business requirements and that permits systematic retrieval.

(c) Dealers and distributors of motor vehicles who are granted a power of attorney by their transferor pursuant to § 580.13, or by their transferee pursuant to § 580.14, shall retain for five years a photostat, carbon, or other facsimile copy of each power of attorney that they receive. They shall retain all powers of attorney at their primary place of business in an order that is appropriate to business requirements and that permits systematic retrieval.

[53 FR 29476, Aug. 5, 1988, as amended at 54 FR 35888, Aug. 30, 1989]

### § 580.9    Odometer record retention for auction companies.

Each auction company shall establish and retain at its primary place of business in an order that is appropriate to business requirements and that permits systematic retrieval, for five years following the date of sale of each motor vehicle, the following records:

(a) The name of the most recent owner (other than the auction company);

(b) The name of the buyer;

(c) The vehicle identification number; and

(d) The odometer reading on the date which the auction company took possession of the motor vehicle.

### § 580.10    Application for assistance.

(a) A State may apply to NHTSA for assistance in revising its laws to comply with the requirements of 408(d)(1) and (2) of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. 1988(d) (1) and (2) and §§ 580.4 and 580.5 of this part.

(b) Each application filed under section shall—

(1) Be written in the English language;

(2) Be submitted, to the Office of Chief Counsel, National Highway Traffic Safety Administration, 400 Seventh Street, SW., Washington, DC 20590;

(3) Include a copy of current motor vehicle titling and/or disclosure requirements in effect in the State; and

(4) Include a draft of legislation or regulations intended to amend or revise current State motor vehicle titling and/or disclosure requirements to conform with Federal requirements.

(c) The agency will respond to the applicant, in writing, and provide a list of the Federal statutory and/or regulatory requirements that the State may have failed to include in its proposal and indicate if any sections of the proposal appear to conflict with Federal requirements.

### § 580.11   Petition for approval of alternate disclosure requirements.

(a) A State may petition NHTSA for approval of disclosure requirements which differ from the disclosure requirements of § 580.5, § 580.7, or § 580.13(f) of this part.

(b) Each petition filed under this section shall—

(1) Be written in the English language;

(2) Be submitted to the Office of Chief Counsel, National Highway Traffic Safety Administration, 400 Seventh Street SW., Washington, DC 20590;

(3) Set forth the motor vehicle disclosure requirements in effect in the State, including a copy of the applicable State law or regulation; and

(4) Explain how the State motor vehicle disclosure requirements are consistent with the purposes of the Motor Vehicle Information and Cost Savings Act.

(c) Notice of the petition and an initial determination pending a 30-day comment period will be published in the **Federal Register.** Notice of final grant or denial of a petition for approval of alternate motor vehicle disclosure requirements will be published in the **Federal Register.** The effect of the grant of a petition is to relieve a State from responsibility to conform the State disclosure requirements with § 580.5, § 580.7, or § 580.13(f), as applicable, for as long as the approved alternate disclosure requirements remain in effect in that State. The effect of a denial is to require a State to conform to the requirements of § 580.5, § 580.7 or § 580.13(f), as applicable, of this part until such time as the NHTSA approves any alternate motor vehicle disclosure requirements.

[53 FR 29476, Aug. 5, 1988, as amended at 56 FR 47686, Sept. 20, 1991]

### § 580.12   Petition for extension of time.

(a) If a State cannot conform its laws to achieve compliance with this part by April 29, 1989, the State may petition for an extension of time.

(b) Each petition filed under this section shall—

(1) Be written in the English language;

(2) Be submitted, by February 28, 1989, to the Office of Chief Counsel, National Highway Traffic Safety Administration, 400 Seventh Street SW., Washington, DC, 20590;

(3) Set forth a chronological analysis of the efforts the State has taken to meet the deadline, the reasons why it did not do so, the length of time desired for extension and a description of the steps to be taken while the extension is in effect.

(c) Notice of either the grant or denial of the petition is issued to the petitioner and will be published in the **Federal Register.**

(d) A petition for a renewal of an extension of time must be filed no later than 30 days prior to the termination of the extension of time granted by the Agency. A petition for a renewal of an extension of time must meet the same requirements as the original petition for an extension of time.

(e) If a petition for a renewal of the extension of time which meets the requirements of § 580.12(b) is filed, the extension of time will continue until a decision is made on the renewal petition.

### § 580.13   Disclosure of odometer information by power of attorney.

(a) If the transferor's title is physically held by a lienholder, or if the transferor to whom the title was issued by the State has lost his title and the transferee obtains a duplicate title on behalf of the transferor, and if otherwise permitted by State law, the transferor may give a power of attorney to his transferee for the purpose of mileage disclosure. The power of attorney shall be on a form issued by the State to the transferee that is set forth by means of a secure printing process or other secure process, and shall contain, in part A, a space for the information required to be disclosed under paragraphs (b), (c), (d), and (e) of this section. If a State permits the use of a power of attorney in the situation described in § 580.14(a), the form must also contain, in part B, a space for the information required to be disclosed under § 580.14, and, in part C, a space for the certification required to be made under § 580.15.

(b) In connection with the transfer of ownership of a motor vehicle, each transferor to whom a title was issued by the State whose title is physically held by a lienholder or whose title has been lost, and who elects to give his transferee a power of attorney for the purpose of mileage disclosure, must appoint the transferee his attorney-in-fact for the purpose of mileage disclosure and disclose the mileage on the power of attorney form issued by the State. This written disclosure must be signed by the transferor, including the printed name, and contain the following information:

(1) The odometer reading at the time of transfer (not to include tenths of miles);

(2) The date of transfer;

(3) The transferor's name and current address;

(4) The transferee's name and current address; and

(5) The identity of the vehicle, including its make, model year, body type and vehicle identification number.

(c) In addition to the information provided under paragraph (b) of this section, the power of attorney form shall refer to the Federal odometer law and state that providing false information or the failure of the person granted the power of attorney to submit the form to the State may result in fines and/or imprisonment. Reference may also be made to applicable State law.

(d) In addition to the information provided under paragraphs (b) and (c) of this section:

(1) The transferor shall certify that to the best of his knowledge the odometer reading reflects the actual mileage; or

(2) If the transferor knows that the odometer reading reflects mileage in excess of the designed mechanical odometer limit, he shall include a statement to that effect; or

(3) If the transferor knows that the odometer reading differs from the mileage and the difference is greater than that caused by a calibration error, he shall include a statement that the odometer reading does not reflect the actual mileage and should not be relied upon. This statement shall also include a warning notice to alert the transferee that a discrepancy exists between the odometer reading and the actual mileage.

(e) The transferee shall sign the power of attorney form, print his name, and return a copy of the power of attorney form to the transferor.

(f) Upon receipt of the transferor's title, the transferee shall complete the space for mileage disclosure on the title exactly as the mileage was disclosed by the transferor on the power of attorney form. The transferee shall submit the original power of attorney form to the State that issued it, with a copy of the transferor's title or with the actual title when the transferee submits a new title application at the same time. The State shall retain the power of attorney form and title for three years or a period equal to the State titling record retention period, whichever is shorter. If the mileage disclosed on the power of attorney form is lower than the mileage appearing on the title, the power of attorney is void and the dealer shall not complete the mileage disclosure on the title.

[54 FR 35888, Aug. 30, 1989, as amended at 54 FR 40083, Sept. 29, 1989; 56 FR 47686, Sept. 20, 1991]

### § 580.14　Power of attorney to review title documents and acknowledge disclosure.

(a) In circumstances where part A of a secure power of attorney form has been used pursuant to § 580.13 of this part, and if otherwise permitted by State law, a transferee may give a power of attorney to his transferor to review the title and any reassignment documents for mileage discrepancies, and if no discrepancies are found, to acknowledge disclosure on the title. The power of attorney shall be on part B of the form referred to in § 580.13(a), which shall contain a space for the information required to be disclosed under paragraphs (b), (c), (d), and (e) of this section and, in part C, a space for the certification required to be made under § 580.15.

(b) The power of attorney must include a mileage disclosure from the transferor to the transferee and must be signed by the transferor, including the printed name, and contain the following information:

(1) The odometer reading at the time of transfer (not to include tenths of miles);

(2) The date of transfer;

(3) The transferor's name and current address;

(4) The transferee's name and current address; and

(b) The identity of the vehicle, including its make, model year, body type and vehicle identification number.

(c) In addition to the information provided under paragraph (b) of this section, the power of attorney form shall refer to the Federal odometer law and state that providing false information or the failure of the person granted the power of attorney to submit the form to the State may result in fines and/or imprisonment. Reference may also be made to applicable State law.

(d) In addition to the information provided under paragraphs (b) and (c) of this section:

(1) The transferor shall certify that to the best of his knowledge the odometer reading reflects the actual mileage;

(2) If the transferor knows that the odometer reading reflects mileage in excess of the designed mechanical odometer limit, he shall include a statement to that effect; or

(3) If the transferor knows that the odometer reading differs from the mileage and the difference is greater than that caused by a calibration error, he shall include a statement that the odometer reading does not reflect the actual mileage and should not be relied upon. This statement shall also include a warning notice to alert the transferee that a discrepancy exists between the odometer reading and the actual mileage.

(e) The transferee shall sign the power of attorney form, and print his name.

(f) The transferor shall give a copy of the power of attorney form to his transferee.

[54 FR 35888, Aug. 30, 1989]

### § 580.15  Certification by person exercising powers of attorney.

(a) A person who exercises a power of attorney under both §§ 580.13 and 580.14 must complete a certification that he has disclosed on the title document the mileage as it was provided to him on the power of attorney form, and that upon examination of the title and any reassignment documents, the mileage disclosure he has made on the title pursuant to the power of attorney is greater than that previously stated on the title and reassignment documents. This certification shall be under part C of the same form as the powers of attorney executed under §§ 580.13 and 580.14 and shall include:

(1) The signature and printed name of the person exercising the power of attorney;

(2) The address of the person exercising the power of attorney; and

(3) The date of the certification.

(b) If the mileage reflected by the transferor on the power of attorney is less than that previously stated on the title and any reassignment documents, the power of attorney shall be void.

[54 FR 35889, Aug. 30, 1989]

### § 580.16  Access of transferee to prior title and power of attorney documents.

(a) In circumstances in which a power of attorney has been used pursuant to § 580.13 of this part, if a subsequent transferee elects to return to his transferor to sign the disclosure on the title when the transferor obtains the title and does not give his transferor a power of attorney to review the title and reassignment documents, upon the transferee's request, the transferor shall show to the transferee a copy of the power of attorney that he received from his transferor.

(b) Upon request of a purchaser, a transferor who was granted a power of attorney by his transferor and who holds the title to the vehicle in his own name, must show to the purchaser the copy of the previous owner's title and the power of attorney form.

[54 FR 35889, Aug. 30, 1989]

### § 580.17  Exemptions.

Notwithstanding the requirements of §§ 580.5 and 580.7:

(a) A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage:

(1) A vehicle having a Gross Vehicle Weight Rating, as defined in § 571.3 of this title, of more than 16,000 pounds;

(2) A vehicle that is not self-propelled;

(3) A vehicle that was manufactured in a model year beginning at least ten years before January 1 of the calendar year in which the transfer occurs; or

Example to paragraph (a)(3):
For vehicle transfers occurring during calendar year 1998, model year 1988 or older vehicles are exempt.

(4) A vehicle sold directly by the manufacturer to any agency of the United States in conformity with contractual specifications.

(b) A transferor of a new vehicle prior to its first transfer for purposes other than resale need not disclose the vehicle's odometer mileage.

(c) A lessor of any of the vehicles listed in paragraph (a) of this section need not notify the lessee of any of these vehicles of the disclosure requirements of § 580.7.

[53 FR 29476, Aug. 5, 1988, as amended at 54 FR 35888, Aug. 30, 1989. Redesignated at 62 FR 47765, Sept. 11, 1997; 63 FR 52632, Oct. 1, 1998]

**Pt. 580, App. A**

**Appendix A to Part 580—Secure Printing Processes and Other Secure Processes**

1. Methods to deter or detect counterfeiting and/or unauthorized reproduction.

(a) Intaglio printing—a printing process utilized in the production of bank-notes and other security documents whereby an engraved plate meets the paper under extremely high pressure forcing the paper into the incisions below the surface of the plate.

(b) Intaglio Printing With Latent Images—a printing process utilized in the production of bank-notes and other security documents whereby an engraved plate meets the paper under extremely high pressure forcing the paper into the incisions below the surface of the plate. The three dimensional nature of intaglio printing creates latent images that aid in verification of authenticity and deter counterfeiting.

(c) High Resolution Printing—a printing process which achieves excellent art clarity and detail quality approaching that of the intaglio process.

(d) Micro-line Printing—a reduced line of type that appears to be a solid line to the naked eye but contains readable intelligence under strong magnification.

(e) Pantograph Void Feature—wording incorporated into a pantograph by varying screen density in the pantograph. The wording will appear when attempts are made to photocopy on color copiers.

(f) Hologram—a defraction foil substrate, produced from a negative which was made by splitting a laser beam into two separate beams to produce a three dimensional effect.

(g) Security Paper—paper containing a security watermark and/or a security thread.

2. Methods to allow alterations to be visible to the naked eye.

(a) Erasure Sensitive Background Inks—a process whereby the text is printed in a dark color ink over a fine line erasure-sensitive prismatic ink tint.

(b) Security Lamination—retro-reflective security laminate is placed over vital information after it has been entered to allow for detection of attempts to alter this information.

(c) Security Paper—paper which has been chemically treated to detect chemical alterations.

**Pt. 580, App. B**

**Appendix B to Part 580—Disclosure Form for Title**

**Odometer Disclosure Statement**

Federal law (and State law, if applicable) requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I state that the odometer now reads ____ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described herein, unless one of the following statements is checked.

—(1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

—(2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING—ODOMETER DISCREPANCY.

>(Transferor's Signature)
>(Transferee's Signature)
>(Printed name)
>(Printed name)
>Date of Statement
>Transferee's Name
>Transferee's Address
>(Street)
>(City)(State)(ZIP Code)

**Pt. 580, App. C**

### Appendix C to Part 580—Separate Disclosure Form

### Odometer Disclosure Statement

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, _____ (transferor's name, Print) state that the odometer now reads ____ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

—(1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

—(2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING—ODOMETER DISCREPANCY.

>Make
>Model
>Body Type
>Vehicle Identification Number
>Year
>(Transferor's Signature)
>(Printed name)
>Transferor's Address
>(Street)
>(City)(State)(ZIP Code)
>Date of Statement
>(Transferee's Signature)
>(Printed name)
>Transferee's Name
>Transferee's Address
>(Street)
>(City)(State)(ZIP Code)

## Appendix D to Part 580—Disclosure Form for Leased Vehicle

### Odometer Disclosure Statement (Leased Vehicle)

Federal law (and State law, if applicable) requires that the lessee disclose the mileage to the lessor in connection with the transfer of ownership. Failure to complete or making a false statement may result in fines and/or imprisonment. Complete disclosure form below and return to lessor.

I,_____ (name of person making disclosure, Print) state that the odometer now reads ____ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

—(1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

—(2) I hereby certify that the odometer reading is NOT the actual mileage.

*Make*

*Model*

*Body Type*

*Vehicle Identification Number*

*Year*

*Lessee's Name*

*Lessee's Address*

*(Street)*

*(City)(State)(ZIP Code)*

*Lessee's Signature*

*Date of Statement*

*Lessor's Name*

*Lessor's Address*

*(Street)*

*(City)(State)(ZIP Code)*

*Date Disclosure Form Sent to Lessee*

*Date Completed Disclosure Form Received from Lessee*

*Lessor's Signature*

**Pt. 580, App. E**

### Appendix E to Part 580—Power of Attorney Disclosure Form

**Warning**: This form may be used only when title is physically held by lienholder or has been lost. This form must be submitted to the state by the person exercising powers of attorney. Failure to do so may result in fines and/or imprisonment.

VEHICLE DESCRIPTION

Year _____ Make _____

Model _____ Body Type _____

Vehicle Identification Number _____

### Part A. Power of Attorney To Disclose Mileage

Federal law (and State Law, if applicable) requires that you state the mileage upon transfer of ownership. Providing a false statement may result in fines and/or imprisonment.

I, _____ (transferor's name, Print) appoint _____ (transferee's name, Print) as my attorney-in-fact, to disclose the mileage, on the title for the vehicle described above, exactly as stated in my following disclosure.

I state that the odometer now reads _____ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage unless one of the following statements is checked.

__ (1) I hereby certify that to the best of my knowledge the odometer reading reflect the mileage in excess of its mechanical limits.

__ (2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING—ODOMETER DISCREPANCY.

(Transferor's Signature)

(Printed Name)

Transferor's Address (Street) _____

(City) _____ (State) __ (ZIP Code) _____.

Date of Statement _____

(Transferee's Signature)

(Printed Name)

Transferee's Name _____

Transferee's Address (Street) _____

(City) _____ (State) __ (ZIP Code) _____.

**Part B. Power of Attorney To Review Title Documents and Acknowledge Disclosure.**

(Part B is invalid unless Part A has been completed.)

I, _____ (transferee's name, Print) appoint _____ (transferor's name, Print) as my attorney-in-fact, to sign the mileage disclosure, on the title for the vehicle described above, only if the disclosure is exactly as the disclosure completed below.

(Transferee's Signature)

(Printed Name)

Transferee's Name _____

Transferee's Address (Street) _____

(City) _____ (State) __ (ZIP Code) _____.

Federal law (and State Law, if applicable) requires that you state the mileage upon transfer of ownership. Providing a false statement may result in fines and/or imprisonment.

I, _____ (transferor's name, Print) state that the odometer now reads _____ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage unless one of the following statements is checked.

__ (1) I hereby certify that to the best of my knowledge the odometer reading reflect the mileage in excess of its mechanical limits.

__ (2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING—ODOMETER DISCREPANCY.

(Transferor's Signature)

(Printed Name)

Transferor's Address (Street) _____

(City) _____ (State) __ (ZIP Code) _____.

Date of Statement _____

**Part C. Certification**

(To Be Completed When parts A and B Have Been Used)

I, _____, (person exercising above powers of attorney, Print), hereby certify that the mileage I have disclosed on the title document is consistent with that provided to me in the above power of attorney. Further, upon examination of the title and any reassignment documents for the vehicle described above, the mileage diclosure I have made on the title pursuant to the power of attorney is greater than that previously stated on the title and reassignment documents. This certification is not intended to create, nor does it create any new or additional liability under Federal or State law.

*(Signature)*

*(Printed Name)*

*Address (Street)*

*(City)* _____ *(State)* __ *(ZIP Code)* _____

*Date* _____

[54 FR 9816, Mar. 8, 1989, as amended at 54 FR 35889, Aug. 30, 1989]