# Exhibit B

United States District Court
District of New Jersey
Trenton Division

| | |
|---|---|
| **Andrew Ritz** and **Michael Ritz**, | Case No. 3:20-cv-13509-FLW-DEA |
| Plaintiffs, | |
| v. | |
| **Nissan-Infiniti LT**; **Trans Union, LLC**; **Equifax Information Services, LLC**; and **Experian Information Solutions, Inc.**, | |
| Defendants. | |

## Notice of 30(b)(6) Deposition to Nissan Duces Tecum

To:  **Nissan-Infiniti LT**
    ℅ Steven L. Fox
    sfox@lindabury.com

Please take NOTICE that Plaintiff requests that Defendant Nissan-Infiniti LT ("Nissan"), designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf pursuant to Federal Rule of Civil Procedure 30(b)(6) to appear and testify as to the matters designated below at a deposition beginning on **January 28, 2022, 10:00 a.m., Eastern Time**, upon oral examination, for the purpose of discovery, for use at trial or for such other purposes as are permitted under the Rules.

1

The deposition will be conducted via Zoom with the witness or witnesses participating remotely from a location of his/her or their choosing. The examination will be recorded by stenographic means and will continue from day to day until completed. Deposition exhibits will be displayed electronically. Counsel for Defendant is instructed to have a device available for the witness which will allow the witness to download documents from Dropbox and then access and view those documents during the deposition. Deposition exhibits shall be provided to counsel via Dropbox before or at the start of the deposition.

## Designated Matters

1. Identify the Account Status, Balance, and Amount Past Due furnished by Nissan in its periodic reporting to Trans Union, Equifax and Experian in August 2019, September 2019, October 2019, November 2019, December 2019, January 2020, and February 2020.

2. Did Nissan furnish any type of late payment / delinquency code or status in its periodic reporting to Trans Union, Equifax or Experian in August 2019, September 2019, October 2019, November 2019, December 2019, January 2020, or February 2020? If so, the witness should be prepared to identify what codes or statuses were furnished, the date they were furnished and the agency to which they were furnished.

3. In your response to Experian's ACDV (Nissan 000140-141), you returned the following:

| Field | Code |
|---|---|
| **Account Status** | 11 |
| **Balance** | $430 |
| **Amount Past Due** | $0 |
| **Date of Account Information** | 10-01-2019 |
| **Date of Last Payment** | 06-17-2019 |
| **Actual Payment** | $181 |
| **Account History** | 1 (Sep 2019) |

3.1. On what date was the payment to which Account History = 1 (Sep 2019) refers due?

3.2. What was the amount of the payment to which Account History = 1 (Sep 2019) refers?

3.3. On what date did Nissan first furnish (either through its periodic furnishing or in response to an ACDV) Account History = 1 (Sep 2019)?

3.4. Nissan responded to this ACDV on October 1, 2019 (See EXPERIAN_20-cv-13509_00478_MR). Between that date and the Date of Last Payment = 06-17-2019, did Nissan receive any payments on this account? If so, what payments were received and on what dates were those payments received?

3

    3.5. If the Sep 2019 payment was not paid, why did Nissan return Amount Past Due = 0?

4. Nissan's working definition of the term "accuracy" as it relates to compliance with the FCRA.

5. Nissan's working definition of the term "integrity" as it relates to compliance with the FCRA.

6. The witness should be prepared to testify about how Nissan's CBM determined that its furnishing of a late payment on Plaintiffs' account was accurate, including any standards and/or methodology[1] which it used to make that determination.

7. The witness should also be prepared to identify any and all information upon which the Nissan representatives who processed Nissan's responses to Plaintiffs' disputes regarding the late payment reporting relied and had access.

---

[1] For purposes of this notice, the term **"methodology"** means as follows: Methodology is the systematic, theoretical analysis of the methods applied to a field of study. It comprises the theoretical analysis of the body of methods and principles associated with a branch of knowledge. Typically, it encompasses concepts such as paradigm, theoretical model, phases and quantitative or qualitative techniques. A methodology does not set out to provide solutions - it is therefore, not the same as a method. Instead, a methodology offers the theoretical underpinning for understanding which method, set of methods, or best practices can be applied to a specific case, for example, to calculate a specific result.

8. How many times Nissan furnished Plaintiffs' account as delinquent to any consumer reporting agencies from August 1, 2019 to the present. For each time that Nissan furnished the account to the consumer reporting agencies as delinquent, the witness should be prepared to identify the Metro 2 codes sent by Nissan.

9. The witness should be prepared to identify and explain all service requests related to the furnishing of Plaintiffs' account as delinquent, including whether or not those requests were processed by CBM and, if not, why not.

10. Whether Nissan possesses any consumer reports about Plaintiffs.

11. The procedures used by Nissan to respond to ACDVs it received from the consumer reporting agencies about Plaintiffs or Plaintiffs' credit files. The witness should be prepared to discuss in detail all procedures actually employed by any Nissan representative who played any role in processing Plaintiffs' requests for reinvestigation. The witness should be prepared to detail exactly what each representative who processed an ACDV at issue in this case did to process that ACDV, including the identification of all procedures followed, procedures not followed that should have been followed, all materials actually reviewed and all materials actually considered by each representative for each ACDV.

12. Nissan's policies and procedures for compliance with 15 U.S.C. 1681s-2(b) as those policies and procedures relate to the processing of consumer requests for reinvestigation.

13. All actions taken to investigate Plaintiffs' disputes regarding the accuracy of the Plaintiffs' account (both direct disputes and disputes received from any consumer reporting agency), including all electronic information reviewed, documents reviewed and communications (including, internal email communications) made during those investigations.

14. Nissan's responses to Plaintiffs' requests for production, including whether Nissan has withheld any documents which would have been responsive to those requests for any reason, including, without limitation, any of the following reasons: (a) privilege; (b) confidentiality; (c) proprietary or trade secret reasons; (d) relevance; (e) burden of production; or (f) ambiguity. The witness should be prepared to identify any documents withheld by title, type, author and date. The witness should also be prepared to explain in detail why the document was withheld. The witness should be prepared to identify all Nissan representatives who participated in any search for documents that would be responsive to Plaintiffs' requests for production.

15. Any and all communications between Nissan and Plaintiff.

16. Any and all communications between Nissan and any consumer reporting agency regarding Plaintiffs, Plaintiffs' credit files, or Plaintiffs' account.

17. Any recommended changes or revisions to any procedure which Nissan intends to defend as reasonable in this case.

18. The allegations and facts discussed in Plaintiffs' complaint filed in this lawsuit.

19. Nissan's Answer, affirmative defenses, and responses to interrogatories, requests for production of documents and requests for admission.

20. Nissan's account history, records and reports, including but not limited to the opening of the account, and the charges made and payments received on the account, all activity on the account.

21. Any and all CDVs, ACDVs, UDFs and AUDFs bearing any of Plaintiffs' identifiers and/or the account.

22. The date on which Nissan received the letter from Freehold Nissan, dated September 24, 2019.

23. The date on which Plaintiffs' returned the vehicle to Freehold Nissan.

24. The reasons why Freehold Nissan did not ground the vehicle on August 9, 2019.

25. The witness should be prepared to explain all charges shown on the September 18, 2019 Billing Summary (Nissan 000015) and the September 27, 2019 End of Lease Liability Statement (Ritz 000274).

26. Regarding the charge which is the basis of Nissan's late payment reporting, the witness should be prepared to identify the amount of the charge, explain how the amount was calculated, explain Nissan's contractual right to make the charge, identify the due date for that charge, and explain why Nissan ultimately decided to waive that charge.

27. The witness should be prepared to explain and interpret Nissan's account notes related to Plaintiffs' account from August 9, 2019 to the date Nissan stopped furnishing the account as delinquent.

28. The witness should be prepared to testify regarding whether or not any CBM representative received any sort of reprimand or corrective action for their failure to process any of the service requests which instructed CBM to stop furnishing the late payment.

29. The witness should be prepared to testify regarding whether Tanya Messmer received any sort of reprimand or corrective action for her override of CBM's refusal to process her service request directing CBM to stop furnishing the late payment.

## Documents

1. The service requests identified by Tanya Messmer during her deposition in this case.

2. Any text or email correspondence to or from Tanya Messmer regarding any of the service requests identified by Tanya Messmer during her deposition in this case.

Respectfully submitted,

*/s/Guerino Cento*
Guerino Cento
CENTO LAW
5666 Carrollton Avenue
Indianapolis, Indiana 46220
(317) 908-0678
cento@centolaw.com

## Certificate of Service

I hereby certify that the foregoing was served to all parties via electronic mail January 25, 2022.

/s/*Guerino Cento*
Guerino Cento