UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL RITZ, et al. | : |
| Plaintiff, | : Civil Action No. 20-13509 (GC)(DEA) |
| v. | : |
| | : **ORDER** |
| EQUIFAX INFORMATION SERVICES, LLC, et al. | : |
| Defendants. | : |

This matter comes before the Court on a motion by Plaintiffs (ECF No. 68) seeking to seal Exhibits 13, 18, and 21 (ECF Nos. 67-16, 67-21, 67-24) to Plaintiffs' opposition to the summary judgment motion filed by Defendant Nissan Motor Acceptance Corporation ("Nissan").[1] "As grounds for this motion, Plaintiff[s] state[] that these materials have been designated as confidential by Nissan pursuant to the Protective Order entered in this case." ECF No. 68 at 1. That statement is the entirety of Plaintiffs' support for this motion.

The Court cannot grant the relief sought for several reasons. As an initial matter, Plaintiffs have not filed anything under seal. For each of the exhibits at issue, Plaintiffs have filed only a placeholder page with a description of the exhibit and the notation "Filed Under Seal." The proper procedure for seeking to seal an exhibit to a motion, which is explained in detail in *HomeSource, Corp. v. Retailer Web Servs., LLC*, generally includes first electronically filing "[a]n unredacted or 'clean' version of the EXHIBIT… under temporary seal" along with the other motion papers. *See HomeSource,* No. 18-11970, 2019 WL 13084419, at *4 (D.N.J. Oct. 11, 2019). The parties' stipulated Discovery Confidentiality Order similarly contemplates

---
[1] Pled as Nissan-Infiniti LT.

that the exhibits would be filed under temporary seal with the Court. *See* ECF No. 58, ¶ 9 ("Any document designated "Confidential" … by a party … and which document is filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3."). Here, this has not been done, so there is simply nothing for the Court to order to be sealed.

  Moreover, even if Plaintiffs had properly filed the exhibits under temporary seal, Plaintiffs have failed to follow the appropriate procedure for filing a motion to seal under Local Civil Rule 5.3. In relevant part, Rule 5.3 provides that "a request … to file materials under seal … shall ordinarily be made … by a single, consolidated motion on behalf of all parties." L. Civ. R. 5.3(c)(1) (emphasis supplied). If the materials sought to be sealed are papers filed in connection with an underlying motion, the "single, consolidated motion on behalf of all parties" should be filed "within 14 days following completion of the briefing on the underlying motion." L. Civ. R. 5.3(c)(2). Further, the parties are required to "confer in an effort to narrow or eliminate the materials or information that may be the subject of a motion to seal." *Id.*

  The procedure set forth in Rule 5.3 avoids the necessity of multiple sealing motions being filed in connection with a single underlying motion and, moreover, prevents the issue created here--the filing of a motion to seal that is essentially devoid of support, leaving the Court to hunt through the docket to determine if supplemental support has been filed by another party.

  Additionally, a motion to seal must include an affidavit "describing with particularity" the following: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R.

5.3(c). Rule 5.3 also requires that the affidavit include an index substantially in the form of Appendix U to the Local Civil Rules. The form of index in Appendix U requires parties to individually list each document sought to be sealed (and/or each individual item redacted) and, for each, to identify: (1) the basis for sealing/redacting that particular item; (2) the clearly defined and serious injury that would result if relief is not granted; (3) why a less restrictive alternative is not available; and (4) the basis for any opposition, if any.  L. Civ. R. 5.3(c)(3). As is the case here, the party in the best position to provide this information may not be the party filing the exhibit at issue with the Court, underscoring the reason that motions to seal should be made on behalf of all parties.

For the reasons above, the Court must deny Plaintiffs' motion. Consequently,

**IT IS** on this 14th day of November 2022

**ORDERED** that the motion to seal (ECF No. 68) is DENIED; and it is further

**ORDERED** that if Plaintiffs electronically file the exhibits at issue under temporary seal, they are to file a properly supported motion to seal within 14 days of that filing; and it is

**ORDERED** that the Clerk is to terminate the motion at ECF No. 68.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge

---terminates ECF No. 68